I SULLIVAN, Judge.
The instant appeal arises out of an alleged collision between Sholonda Brevelle and Oscar Howard on or about March 24, 1995. Ms. Brevelle was operating a vehi *399 cle owned by Elvira Brevelle in the parking lot of a service station in Pineville, Louisiana, when she was suddenly struck from behind by Mr. Howard’s vehicle. Suit was filed in the Pineville City Court on October 28, 1995, for damages to the vehicle and its occupants: Sholonda Bre-velle; her minor child, Dontavious Bre-velle; Elvira Brevelle; and her minor child, Amanda Brevelle. Named as defendants in the suit were Oscar Howard and his insurer, Allstate Insurance Company. On or about December 3, 1996, a First Supplemental and Amending Petition was filed, naming Allstate in its capacity as the alleged underinsured motorist (Allstate UM) insurer of Elvira Brevelle as defendant.
Trial of the matter was held on July 29, 1999, before the Honorable J. Philip Terrell, Jr. On January 13, 2000, the trial court issued written reasons for ruling in favor of Plaintiffs. Judgment was signed on February 10, 2000. Notice of the signing of judgment was mailed on February 10, 2000.
A motion for suspensive appeal was filed by Oscar Howard and Allstate on February 17, 2000; both the certificate of service and the date stamp of the Pineville City Court indicate that this motion was filed on the 17 th of February. A motion for suspensive appeal was also filed by Allstate UM. Although the certificate of service states that said motion was placed in the United States mail on February 16, the date stamp of the Pineville City Court indicates that it was filed on February 28.
On June 9, 2000, this court issued a rule to show cause, sua sponte, ordering Allstate UM to demonstrate by brief only why the instant appeal should not be dismissed as untimely. Allstate UM responded, arguing that the date stamp of the Pineville City Court is inaccurate, and its appeal should be maintained.
|2Appeals from the judgment of a parish or city court shall be taken to the court of appeal. La.Code Civ.P. art. 5001(A). An appeal from a parish or city court judgment must be taken within ten days of the judgment or from service of notice, when such notice is required. La.Code Civ.P. art. 5002(A).
In the instant case, the judgment was signed and notice mailed on February 10, 2000. The Pineville City Court date stamp indicates that Allstate UM’s appeal was filed on February 28, 2000. An appeal filed on the 28th would be clearly untimely. However, the certificate of service contained in Allstate UM’s motion for appeal reflects that the motion was placed in the United States mail on February 16, 2000, well within the required time for perfecting a suspensive appeal.
Allstate UM submits that the certificate of service contained in the motion for appeal is correct. In support of this argument, counsel for Allstate UM includes the affidavit of Mrs. Autumn L. Jolly, the legal secretary responsible for preparing and mailing said documents. In her affidavit, Mrs. Jolly attests that she placed the motion in the United States mail receptacle on February 16, 2000, addressed to the Clerk of the Pineville City Court and all counsel of record.
“Marking the document or pleading ‘filed’ and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading [with the Clerk’s office] is the filing.” Lambert v. Kelley, 270 So.2d 532, 535 (La.1972). The term “filed” has been interpreted by this court to mean delivery into actual custody. McGee v. Southern Farm Bureau Cas. Ins. Co., 125 So.2d 787 (La.App. 3 Cir.1960). The Louisiana Supreme Court has recognized that the term “filing” means:
[T]he delivery of a document to the proper officer to be kept on file, placing a paper in the proper official’s custody by the party charged with |ssuch duty, presenting a paper at the proper office and leaving it there, and bringing the *400 paper and depositing it with the officer for keeping.
Lambert, 270 So.2d at 534.
Assuming that the date reflected on the certificate of service, as affirmed by the legal secretary responsible for mailing the motion, is correct, the motion for sus-pensive appeal should have been received by the Pineville City Court within the delay period for perfecting a suspensive appeal. Therefore, either the postal service delayed delivery or the city clerk of court’s office failed to stamp the document “filed” immediately upon receipt. There is no evidence in the record that the clerk of court’s office failed to stamp the document timely or that the postal service somehow erred in delivery.
Despite the longstanding policy of the law favoring appeals, Davidge v. Magliola, 346 So.2d 177 (La.197.7), Allstate UM has failed to demonstrate, by affidavit or otherwise, that the failure to timely file the instant appeal, as evidenced by the city court’s date stamp, was caused by third-party fault. Allstate UM was afforded ample time in which to obtain and submit such information. Additionally, once the discrepancy was brought to its attention, it could have attempted to correct the record at the city court level pursuant to La.Code Civ.P. art. 2132. No such effort was made.
When an appellant fails to timely perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Berry v. Guidry, 551 So.2d 852 (La.App. 3 Cir.1989).
^Accordingly, we find the appeal of Allstate Insurance Company, in its capacity as underinsured motorist insurer for Elvira Brevelle, to be untimely and dismiss the appeal at Allstate’s cost.
APPEAL DISMISSED.
SAUNDERS, J., dissents and would remand the matter for correction of the record.
WOODARD and PICKETT, JJ., dissent and would maintain the appeal.