808 So.2d 439 (2001)
Helen ROLLINS, Individually and on Behalf of Michael Whittington, and Scarlett Hooge
v.
CITY OF ZACHARY, Zachary City Police, Chief of Zachary Police, Sergeant D.L. Courtney, Mayor John A. Womack, Christopher K. Holden, and Allstate Ins. Co.
No. 2000 CA 0160.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
*440 B. Todd Soileau, Baton Rouge, for Plaintiffs/Appellants, Helen Rollins, Michael Whittington and Scarlett Hooge.
Matthew W. Bailey, Baton Rouge, for Defendants/Appellees, City of Zachary, et al.
Matthew T. Lofaso, Baton Rouge, for Defendants/Appellees, Allstate Insurance Company and Christopher K. Holden.
Before: CARTER, C.J., FOIL, and WEIMER, JJ.
CARTER, Chief Judge.
This is an appeal from a trial court judgment dismissing the plaintiffs' claims for failure to request service within 90 days of the filing of the petition, as required by LSA-R.S. 13:5107D.

BACKGROUND
On May 10, 1998, Michael Whittington was struck by a vehicle driven by defendant, Christopher Holden, while Whittington was walking on a highway. Whittington was intoxicated at the time and had just been discharged from Lane Memorial Hospital. According to the plaintiffs' allegations, Whittington's mother, Helen Rollins, and sister, Scarlett Hooge, had asked the Zachary Police Department to assist them in restraining Whittington and getting him off of the highway, but these requests were denied and/or ignored. As a result of the accident, Whittington was seriously injured.

*441 FACTUAL AND PROCEDURAL HISTORY
On May 4, 1999, Michael Whittington, Helen Rollins and Scarlett Hooge[1] (hereinafter collectively referred to as "the plaintiffs") filed a petition for damages against Holden and his automobile liability insurer, Allstate Insurance Company. Also named as defendants in the petition were the City of Zachary, Zachary City Police, Chief of the Zachary City Police, a sergeant with the Zachary City Police and the Mayor of Zachary (hereinafter collectively referred to as "the City"). At the conclusion of the petition, the plaintiffs requested that service be withheld.
The plaintiffs' attorney contends that he subsequently wrote a letter to the Clerk of Court for the Nineteenth Judicial District Court dated July 29, 1999, requesting service upon all of the defendants.[2] Plaintiffs allege that this letter was deposited into the regular U.S. Mail, postage prepaid, on Thursday, July 29, 1999. Three business days later, on August 3, 1999, plaintiffs contend that their attorney's office was contacted by counsel for Allstate and Holden to request an extension of time in which to answer the petition. This request was granted by the plaintiffs' attorney. Additionally, this request led the plaintiffs' attorney to believe that the request for service had been received and that service had been perfected as requested.
However, on August 20, 1999, Allstate and Holden filed a motion for involuntary dismissal of the petition for the failure of the plaintiffs to request service within 90 days of the commencement of the action, as required by LSA-C.C.P. art. 1201C. Holden and Allstate contended that this failure warranted an involuntary dismissal of the plaintiffs' claim against them pursuant to LSA-C.C.P. art. 1672C. On August 23, the trial court assigned the motion for contradictory hearing on September 20.
On August 27, plaintiffs' counsel learned that the Clerk of Court's office never received the July 29 request for service. Thus, on August 27, plaintiffs hand-delivered a second request for service upon all the defendants and for pauper status, which request led to service on the defendants.[3]
Plaintiffs did not oppose Allstate and Holden's motion for dismissal. Thus, at the September 20 hearing on the motion for involuntary dismissal, the matter was submitted. A judgment dismissing the plaintiffs' suit without prejudice as to Allstate and Holden was signed on September 29, 1999.
On October 25, 1999, the City filed a motion to dismiss the plaintiffs' petition for the failure to serve the City within 90 days of the filing date of the petition, as required by LSA-R.S. 13:5107. Plaintiffs filed a memorandum in opposition to the City's motion, contending that they timely "requested" service through the July 29 letter. Plaintiffs supported their contention that the request was timely with an *442 affidavit executed by Grayson Gilmore, a law clerk for the plaintiffs' attorney. In the affidavit, Gilmore attested that on July 29, he deposited into the U.S. Mail, postage prepaid, a request for service on the named defendants in the plaintiffs' petition. He further attested that he received a phone call from Allstate's counsel on August 3, requesting an extension of time within which to answer the plaintiffs' petition.
At the hearing on the City's motion to dismiss, the plaintiffs introduced Gilmore's affidavit, along with a copy of the July 29 letter requesting service and the August 27 letter requesting service.[4] The trial court granted the motion to dismiss without prejudice. A judgment dismissing the plaintiffs' claims against the City was signed on November 15.
Plaintiffs have appealed the November 15 judgment asserting that the trial court erred in granting the motion for involuntary dismissal filed by the City. In support of their contention, the plaintiffs argue that they complied with the 90-day request for service requirement provided by LSA-R.S. 13:5107 when they mailed the July 29 letter to the Clerk of Court requesting service of citation of the May 4 petition on the City. They also argue that LSA-C.C.P. art. 1672C allows exceptions for good cause and that by making this exception, the legislature contemplated situations such as this wherein a plaintiff makes a good faith effort to serve citation on all defendants and has good reason to believe service has been perfected. In opposition, the City contends that the plaintiffs failed to request service from the Clerk of Court's office within 90 days of filing the petition, thus, the suit was properly dismissed.

REQUEST FOR SERVICE UNDER LSA-R.S. 13:5107D
Louisiana Revised Statute 13:5107D(1) and (2) provide as follows:
In all suits in which ... [a] political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the ... political subdivision or any officer or employee thereof as a party....
If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the ... political subdivision, or any officer or employee thereof, who has not been served.
(Emphasis added.)
Louisiana Code of Civil Procedure article 1672C provides as follows:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
(Emphasis added.)
Neither party refers this court to any jurisprudence that has interpreted the meaning of "request for service" as it appears in LSA-R.S. 13:5107. In its oral *443 reasons, the trial court concluded that "request" contemplated more than depositing in the mail a letter directed to the Clerk of Court. We agree.
Revised Statute 13:5107D does not provide any specific method for how service should be requested, nor does it provide when a "request" is deemed to be made. However, we find that merely attesting that a request was placed in the regular U.S. Mail is not sufficient to establish that a timely "request for service" was made. Instead, we find that a valid and effective "request," asking the Clerk of Court to perfect service, also requires the receipt of the request by the Clerk of Court's office. We note that LSA-C.C.P. art. 253 provides, in part, "All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose." (Emphasis added.)
In Brevelle v. Howard, 00-797 (La.App. 3rd Cir.11/15/2000), 772 So.2d 398, the Third Circuit Court of Appeal, sitting en banc, concluded that although a motion for suspensive appeal allegedly was placed in the U.S. Mail on February 16, 2000, the date stamp of the Pineville City Court indicated that it was not received and filed until February 28, 2000beyond the time required for perfecting a suspensive appeal. The Court concluded that the motion for appeal was untimely and stated, "Marking the document or pleading `filed' and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading [with the Clerk's office] is the filing. Lambert v. Kelley, 270 So.2d 532, 535 (La.1972)." Brevelle v. Howard, 772 So.2d at 399. See also Williamson v. CIGNA/Insurance Company of North America, 576 So.2d 1185, 1187 (La.App. 3rd Cir.1991) (to establish that rejection of Office of Workers' Compensation's recommendation was timely made required showing that notice of rejection was sent and that it was received).
In the present case, the plaintiffs could have sent the July 29 request by certified mailreturn receipt requested, hand-delivered the July 29 request, or simply placed a telephone call to the Clerk of Court's office before expiration of the 90-day time period to verify that the Clerk of Court's office received the service request. Plaintiffs took none of these actions. Moreover, we note that the plaintiffs do not dispute that the Clerk of Court's office did not receive the July 29 request, even after the 90-day time limit expired.
Furthermore, even if LSA-R.S. 13:5107D only requires proof of "mailing" of a service request, and not proof of receipt by the Clerk of Court, the trial court could have reasonably found that through an administrative error or omission, the July 29 letter and attachments were not timely completed or mailed. This finding would be supported by the fact that the plaintiffs did not introduce into evidence copies of the pauper request documents that were allegedly enclosed with the July 29 request. These documents, if dated on or before July 29, could have lent further support to the plaintiffs' contention that the July 29 request was timely mailed.
Finally, we reject the plaintiffs' argument that the request was allegedly mailed on July 29, but never received, and that Allstate's request for an extension of time led the plaintiffs to believe their request had been received, and constituted good cause why service could not be timely requested under LSA-C.C.P. art. 1672C. As previously noted, the plaintiffs could have sent the July 29 request by certified mailreturn receipt requested or hand-delivered the request. Plaintiffs chose to send the July 29 request by ordinary mail *444 and this request was never received by the Clerk of Court's office. We conclude that it is incumbent on a party sending a request by ordinary mail to ensure or verify that the Clerk of Court received the request. Moreover, we note that Allstate's call requesting an extension of time to answer came only three business days after the July 29 request was allegedly mailed. Even assuming the request by Allstate justified a belief that Allstate had been served, it did not warrant a belief that the City had also been served.
For these reasons, the judgment of the trial court dismissing the plaintiff's cause of action without prejudice is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] The petition lists the plaintiffs as Michael Whittington, and/or Helen Rollins, individually and as curator of Michael Whittington, Helen Rollins, and Scarlett Hooge. The petition alleges that as a result of the accident which forms the basis of this suit, Michael Whittington is mentally incapacitated and his mother has been appointed as his provisional curator.
[2] Through this letter, the plaintiffs also requested that they be granted pauper status. The documents supporting this pauper status request were allegedly enclosed with the July 29 letter.
[3] The pauper documents enclosed with this second request were dated August 27, the date the second request for service was hand-delivered to the Clerk of Court's office.
[4] Plaintiffs did not introduce into evidence a copy of the pauper documents that were allegedly enclosed with the July 29 letter.