841 So.2d 725 (2003)
Jimmy BARNETT
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTERSHREVEPORT
No. 2002-CC-2576.
Supreme Court of Louisiana.
February 7, 2003.
*726 GRANTED
In this case, plaintiff filed suit against defendant on January 24, 2002. In his petition, plaintiff requested service of process on C.T. Corporations Systems, which was the incorrect agent for service of process. On February 4, 2002, C.T. informed plaintiff of this mistake. More than 90 days after receiving this notification from C.T., plaintiff served the correct agent for defendant.
Louisiana Code of Civil Procedure article 1672 requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90-day time period prescribed by article 1201(C), unless good cause is shown why service could not be requested. If the plaintiff successfully demonstrates good cause, "the court may order that service be effected within a specified time." La.Code Civ. Proc. art. 1672(C).
Louisiana courts strictly construe the good cause requirement of article 1672(C). See Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process. See Conner v. Continental Southern Lines, 294 So.2d 485 (La. 1974) (holding that service of process on incorrect agent is illegal and without effect); Brooks v. Terry, 608 So.2d 1047 (La.App. 1st Cir.1992) (annulling judgment against defendant who had been improperly served).
Relevant to this case, La.Rev.Stat. 13:5107 explicitly governs service on a state agency, such as the defendant medical center. Thus, plaintiff could have discerned the proper agent with minimal effort and cannot show good cause for the delay in proper service. The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant. Because correct service was not accomplished in this case, and because plaintiff did not attempt service within 90 days on the proper agent, even after being notified by C.T. Corporations Systems that it was not the correct agent for defendant, article 1672 is applicable, and dismissal without prejudice is required.
Denial of defendant's motion for involuntary dismissal by the district court and the court of appeal is hereby reversed and judgment is entered herein dismissing plaintiff's petition against defendant without prejudice.
CALOGERO, C.J., dissents from the action.
JOHNSON, J., dissents. *727 CALOGERO, Chief Justice, dissents from the action.
The provision of La.Code Civ. Proc. art. 1672 authorizing dismissal of a party's action without prejudice is a serious imposition upon a litigant's constitutional right of access to the courts, and should thus be enforced only if the statute clearly and unequivocally commands that result. In this case, we have a litigant who indeed requested service upon defendant within the 90-day time period prescribed by article 1201(C), but who mistakenly requested that defendant be served through an incorrect agent. There is no absence of a request for service; therefore, article 1672(C) does not apply to mandate an involuntary dismissal of plaintiff's action, and the judgment of the district court should be affirmed. Even if plaintiff's requested service was improper under article 1672(C), however, plaintiff's suit should not be altogether dismissed by this court. Rather, the action should be remanded to the district court to give plaintiff the opportunity to show good cause why service could not be requested upon the proper agent, as is required by article 1672(C).