848 So.2d 635 (2003)
Hilner THOMAS
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS and Dixon Correctional Institute.
No. 2002 CA 0897.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
Rehearing Denied July 22, 2003.
*636 Joseph C. Possa, Richard P. Bullock, Baton Rouge, Baton Rouge, for Plaintiff/Appellant, Hilner Thomas.
Marjorie G. O'Connor, Baton Rouge, for Defendant/Appellee, State of Louisiana, Department of Public Safety and Corrections.
Before: CARTER, C.J., WHIPPLE and CIACCIO, JJ.[1]
WHIPPLE, J.
Plaintiff appeals the dismissal of his suit without prejudice for failure to timely request service of citation upon defendant, the State of Louisiana through the Department of Public Safety and Corrections. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On October 16, 1998, plaintiff, Hilner Thomas, filed suit for damages against the State of Louisiana through the Department of Public Safety and Corrections ("DPSC") and Dixon Correctional Institute. Plaintiff alleged that he had been a passenger in a van owned by Dixon Correctional Institute and driven by an employee of DPSC and that, through the negligence of the DPSC employee, the vehicle was involved in an accident and plaintiff was injured.
At the time suit was filed, plaintiff erroneously requested service on DPSC and Dixon Correctional Institute, through "Walter Fox McKeithen, Secretary of State," whom the parties concede was not the proper agent for service of process for suits against DPSC or Dixon Correctional Institute. Thereafter, the East Baton Rouge Sheriff's Office apparently served the Secretary of State with the citation and petition.[2] However, the Secretary of *637 State then rejected service of the petition on the basis that he was not the correct agent for service of process for any state agency.[3] A written rejection of service was signed by a representative of the Office of the Secretary of State on October 23, 1998.
Nonetheless, counsel for plaintiff subsequently received a post card from the Clerk of Court for the Nineteenth Judicial District Court dated October 29, 1998, indicating that the "State of La." had been served. Further information regarding the type of pleading and the party served was recorded as "Citation/Secretary of State." However, the post card did not set forth any specific information as to the date or type of service, indicating the following on the card: "Date and Type of Service: 00/00/0000 No Information Gi."
Thereafter, on April 18, 2000, approximately eighteen months after filing the petition herein, plaintiff requested service of the petition and citation upon DPSC and Dixon Correctional Institute through Richard L. Stalder, the Secretary of DPSC. This service was perfected on April 25, 2000.
On May 23, 2000, DPSC responded by filing an exception raising an objection to the "timeliness of service" and a motion to dismiss on the grounds that plaintiff had failed to timely request service upon DPSC.[4] DPSC noted that service upon it through its proper agent for service of process was not requested until April of 2000 and that service was not perfected upon it until April 25, 2000. DPSC argued that LSA-R.S. 13:5107(D) mandates that service of citation be requested within ninety days of the filing of the initial pleading where the state, a state agency, political subdivision or any officer or employer thereof is named as a party and that failure to do so warrants dismissal of the action.
A hearing on the exception and motion to dismiss was conducted before a commissioner of the Nineteenth Judicial District Court on July 10, 2001. Thereafter, the commissioner issued a report, recommending to the trial court that plaintiff's petition be dismissed without prejudice pursuant to LSA-R.S. 13:5107(D) for failure to request service within ninety days of filing of the petition. In accordance with the commissioner's recommendation, the trial court rendered judgment on December 20, 2001, dismissing plaintiff's claim without prejudice at plaintiff's cost.
From this judgment, plaintiff appeals, assigning the following as error:
(1) The trial court erred in finding that plaintiff had not requested service under LSA-R.S. 13:5107;
(2) Alternatively, the trial court erred in finding that plaintiff did not have good cause in failing to re-request proper service *638 during the initial ninety-day period under LSA-R.S. 13:5107; and
(3) The trial court erred in dismissing plaintiff's suit even though proper service was made during the time that prescription was interrupted.

ASSIGNMENT OF ERROR NUMBER ONE
Louisiana Revised Statute 13:5107(D) provides, in pertinent part, as follows:
(1) In all suits in which the state, a state agency, or political subdivision ... is named as a party, service of citation shall be requested within ninety days of the commencement of the action.... This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision ... who has not been served. (Emphasis added).
The parties do not dispute that a request for service upon the Secretary of DPSC was not received until April 18, 2000, more than one and one-half years after suit was filed. However, plaintiff argues that LSA-R.S. 13:5107 merely requires that service be requested within ninety days of filing the initial pleading, not that service be perfected. Moreover, while he concedes that service was initially requested on an improper agent for service of process, he asserts that his initial request for service on the date of filing of the petition complied with this statutory requirement because he timely requested service on the proper party, even though service was requested on the wrong agent for service of process. Accordingly, the first issue presented is whether plaintiff's initial request for service upon the wrong agent for service of process complied with the requirement of LSA-R.S. 13:5107(D) that service be "requested" within ninety days of filing of the initial pleading.
As stated above, LSA-R.S. 13:5107(A) governs service of citation on a state agency and provides that service shall be made upon the attorney general and on the "agency head." In the instant case, plaintiff did not request service upon the secretary of DPSC until eighteen months after suit was filed. With regard to plaintiff's contention that the request for service made at the time of filing of the petition was sufficient, even though the requested service was upon the wrong person or entity, our research does not reveal any cases directly on point.
However, in Rollins v. City of Zachary, XXXX-XXXX, p. 5 (La.App. 1st Cir.2/16/01), 808 So.2d 439, 442-443, this court considered the meaning of "request for service" as contemplated by LSA-R.S. 13:5107(D). In Rollins, the plaintiffs asserted that they had satisfied the requirement of "requesting" service pursuant to LSA-R.S. 13:5107(D) by mailing a request for service to the clerk of court, even though the request was never received by the clerk. In concluding that plaintiffs had not complied with the statutory requirement of requesting service within ninety days, the court held that "a valid and effective `request,' asking the Clerk of Court to perfect service, also requires the receipt of the request by the Clerk of Court's office." Rollins, XXXX-XXXX at p. 5, 808 So.2d at 443. (Emphasis added.) Thus, the court interpreted LSA-R.S. 13:5107(D) as requiring a "valid and effective" request for service within ninety days of filing of the petition.
*639 Moreover, with regard to service of citation upon a designated agent for a corporation, the law is clear that service of process directed to a corporate defendant, but made on one other than the person authorized to accept such service is illegal and without effect. LSA-C.C.P. art. 1261; Conner v. Continental Southern Lines, Incorporated, 294 So.2d 485, 487 (La.1974); Blue, Williams & Buckley v. Brian Investments, Ltd., 96-1451, p. 8 (La.App. 1st Cir.6/20/97), 706 So.2d 999, 1003, writ denied, 97-2192 (La.11/21/97), 703 So.2d 1311. As recently set forth by the Supreme Court in Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576, p. 1 (La.2/7/03), 841 So.2d 725, 726, "[r]elevant to this case, La.Rev.Stat. 13:5107 explicitly governs service on a state agency, ... the defendant medical center. Thus, plaintiff could have discerned the proper agent with minimal effort and cannot show good cause for the delay in proper service." As articulated by the Court, the requirement that service upon defendant be requested within the ninety-day period should reasonably be read to require: (1) an accurate request of service (2) upon the proper agent for defendant. Barnett, 2002-2576 at p. 1, 841 So.2d at 726. Here, correct service was not accomplished or attempted in this case.
Applying these dictates by the Supreme Court, we must conclude that the request for service of process upon the wrong agent for service of process for the state agency involved herein was not a "valid and effective request" and likewise is void and without effect. In sum, in order to satisfy the requirement of LSA-R.S. 13:5107(D) that a request for service of process be made within ninety days, the request must be a valid and effective request, naming the proper party or agent for service of process. Thus, in the instant case, the trial court correctly ruled that plaintiff did not make a valid and effective request for service of process within ninety days of filing his petition.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Plaintiff also asserts that the trial court erred in finding that he had not demonstrated good cause for failing to request service upon the proper agent within the ninety-day period.
Pursuant to LSA-R.S. 13:5107(D)(2), if service is not requested within ninety days of the filing of the petition, the action shall be dismissed without prejudice as to a state agency that has not been served, "after contradictory motion as provided in Code of Civil Procedure Article 1672(C)." Code of Civil Procedure article 1672(C) provides that a judgment dismissing an action without prejudice shall be rendered as to a named defendant for whom service has not been requested within ninety days, "unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time."
Relying upon the post card from the clerk of court sent to plaintiff's counsel, which indicated that service had been made upon the "State of La.... Secretary of State," plaintiff asserts that he had good cause for not requesting service upon the proper agent for service of process for DPSC within ninety days of filing his petition. We disagree and find no error in the trial court's conclusion that the notice relied upon by plaintiff did not constitute "good cause" for failing to make a valid and effective request for service.
While "good cause" is not defined in LSA-C.C.P. art. 1672(C), the courts have concluded that mere confusion regarding a party's correct name or inadvertence in requesting service on the part of plaintiff's *640 counsel is not a sufficient basis for good cause. Norbert v. Loucks, XXXX-XXXX, p. 3 (La.6/29/01), 791 So.2d 1283, 1285. Similarly, we conclude that mere confusion as to the proper agent for service of process does not constitute good cause for failing to request proper service. Moreover, even if notice was provided to plaintiff that service had been made upon the Secretary of State, this notice to plaintiff that the sheriff had made the requested service upon the wrong agent did not relieve plaintiff of his duty to request service upon the proper party. As noted by the Supreme Court in Barnett, with due diligence, plaintiff could have discovered the proper party upon whom to request service. Barnett, 2002-2576 at p. 1, 841 So.2d at 726. Under these circumstances, we are unable to say the trial court erred in its conclusion that plaintiff failed to establish that good cause existed for his failure to timely request service upon the proper party.

ASSIGNMENT OF ERROR NUMBER THREE
In his final assignment of error, plaintiff contends that the trial court erred in dismissing his suit where proper service was made prior to the judgment of dismissal and during the time that prescription was interrupted, thus curing the earlier defective service. In support of his position that prescription was interrupted by the filing of his original petition despite the lack of a timely, effective request for service, plaintiff relies upon LSA-R.S. 9:5801, which provides as follows:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nevertheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue. (Emphasis added).
Plaintiff contends that because there has been no finding that his failure to timely request service was due to bad faith, prescription was interrupted upon the filing of the petition, and his subsequent request for valid service cured any earlier defect. Thus, plaintiff contends that the trial court erred in dismissing his suit without prejudice where it had not first determined that the failure to make a timely request for service was in bad faith and, consequently, that prescription had not been interrupted. We disagree.
At the outset, we note that plaintiff is relying on the general statute governing interruption of prescription in suits where service of citation is not timely requested. However, LSA-R.S. 13:5107 is a more specific enactment governing the effects of failure to timely request service upon the state of Louisiana or a state agency. With regard to interruption of prescription, LSA-R.S. 13:5107(D)(3) provides as follows:
When the state, a state agency, or a political subdivision, or any officer thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue. (Emphasis added).
While plaintiff acknowledges that LSA-R.S. 13:5107(D)(3) provides that there is no interruption of prescription as to a state agency dismissed for the failure to timely request service, plaintiff argues *641 that the more general statute, i.e., LSA-R.S. 9:5801, was intended to modify the provisions of LSA-R.S. 13:5107(D)(3) to provide for an interruption of prescription in the absence of bad faith. However, this argument ignores the well-settled rule of statutory construction that where there is a conflict between two statutes on the same subject matter, the statute specifically directed to the matter at issue must prevail over the statute more general in character. City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352, XXXX-XXXX, p. 4 (La.6/29/01), 791 So.2d 609, 612.
Louisiana Revised Statute 13:5107 specifically deals with the failure to timely request service of citation on a state agency, such as DPSC, whereas LSA-R.S. 9:5801 is the more general statute dealing with failure to timely request service of citation on any defendant. Louisiana Revised Statute 13:5107(D)(3) affords additional protection to the named categories of governmental defendants, not granted in LSA-R.S. 9:5801 to other defendants, by providing unconditionally that prescription is not interrupted by the filing of an action against the governmental defendant where that defendant is dismissed for failure to timely request service of citation. See Bordelon v. Medical Center of Baton Rouge, 2001-2164, p. 5 (La.App. 1st Cir.12/20/02), 836 So.2d 407, 413. Because it more specifically addresses the effect of failure to timely request service upon a state agency, LSA-R.S. 13:5107(D)(3) must prevail.[5]
Thus, we find no error in the trial court's dismissal without prejudice of plaintiff's suit upon a finding that plaintiff failed to demonstrate good cause for failing to timely make a valid and effective request for service. Louisiana Revised Statute 13:5107(D)(2) and (3) clearly and specifically provide that prescription is not interrupted as to a state agency by the filing of suit where there is no timely request for service upon that agency and no showing of good cause for such failure. Thus, the fact that the court did not make a determination that plaintiff was in bad faith is of no moment, in that such a finding would not have served to interrupt prescription against DPSC pursuant to LSA-R.S. 9:5801. Cf. Bordelon, 2001-2164 at pp. 5-6, 836 So.2d at 412-13. This argument also lacks merit.

CONCLUSION
For the above and foregoing reasons, the December 20, 2001 judgment of the trial court, dismissing plaintiff's claim without prejudice, is affirmed. Plaintiff's motion for judicial notice and to allow filing of materials with this court is denied. *642 Costs of this appeal are assessed against plaintiff, Hilner Thomas.
AFFIRMED; MOTION FOR JUDICIAL NOTICE AND FOR FILING OF MATERIALS WITH COURT OF APPEAL DENIED.
NOTES
[1] Judge Philip C. Ciaccio (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The record contains a copy of the original citation which the parties acknowledge had been "whited out" or altered at an unidentified time by an unidentified person to delete the date of service and signature of the deputy sheriff who handled service.
[3] LSA-R.S. 13:5107(A) provides that in all suits against the state of Louisiana or a state agency, "citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years ... and on the ... agency head or person, depending upon the identity of the named defendant ... and the identity of the named ... agency, or officer through which or through whom suit is to be filed against." "State agency" is defined in LSA-R.S. 13:5102 as "any board, commission, department, agency, special district, authority, or other entity of the state." (Emphasis added). Thus, service upon the Secretary of State was clearly incorrect.
[4] DPSC also filed exceptions of prematurity and lack of subject matter jurisdiction, asserting alternatively that plaintiff had failed to timely pursue administrative remedies under the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171, et seq.
[5] Plaintiff filed a motion with this court entitled, "Request for Judicial Notice Under L.C.E. Art. 201 & 202 and Motion to Allow Filing of Materials for Judicial Notice Referenced in Plaintiff-Appellant's Brief," in which he requests that this court take judicial notice of legislative minutes and house floor amendments to House Bill 1221, later enacted as Acts 1997, No. 518, and seeks to file these documents with this court. The motion was referred to the merits of this appeal.

Acts 1997, No. 518 amended and reenacted LSA-R.S. 13:5107(D) and LSA-R.S. 9:5801, and plaintiff contends that the legislative history of this act demonstrates an attempt by the legislature to prohibit the strict and punitive effects of failure to timely request service in the absence of a showing of bad faith.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; City of Pineville, XXXX-XXXX at pp. 3-4, 791 So.2d at 612. Because we find the wording of LSA-R.S. 13:5107(D) to be clear and unambiguous, we deny plaintiff's motion herein.