PATRICIA RIVET MURRAY, Judge.
hln this medical malpractice suit, Sale-dad and Charles Tranchant appeal the judgment dismissing their claim for failure to timely request service of process upon the defendants within ninety days of filing the petition as required by La. R.S. 13:5107 D. For the reasons that follow, we reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On August 3, 2006, Mr. Tranchant[1] filed a petition for damages asserting a medical malpractice claim against the following five defendants: the State of Louisiana; Louisiana State University Health Sciences Center d/b/a Medical Center of Louisiana at New Orleans — University Campus (“LSUHSC”); Thomas B. Ferguson, M.D.; Watts Webb, M.D.; and Christy Zolfo-ghary, M.D.[2] In the petition, Mr. Tran-chant requested to “hold service at this time on all defendants.” Exactly ninety days after ’filing suit,[3] on November 2, 2006, Mr. Tranchant’s |2counsel mailed a letter and a check to the clerk of court requesting service on all the defendants. On November 8, 2006, the clerk’s office received the request for service of the petition.
On January 29, 2007, the defendants filed a declinatory exception of insufficiency of service of process.[4] In the exception, the defendants asserted that the request for service was untimely and cited La. R.S. 13:5107 and/or La. C.C.P. art. 1201(C) as *1176 authority for dismissal of the action.[5]
On March 22, 2007, the trial court rendered a judgment in the defendants’ favor dismissing the suit without prejudice. The trial court found that more than ninety days elapsed between the date the suit was filed and the date on which service was requested. In so finding, the court deemed the date on which the clerk’s office received and filed the request for service to be the date on which service was requested. Although the court noted that there was no bad faith or intent to deceive on Mr. Tranchant’s part, it found that dismissal without prejudice was mandatory under La. R.S. 13:5107 D and/or La. C.C.P. art. 1201(C).
Mr. Tranchant then filed a motion for new trial.[6] The trial court held a hearing on the motion on May 10, 2007. In a judgment dated June 21, 2007, the trial court denied the motion. The trial court also issued written reasons for judgment. Although the court acknowledged that it believed Mr. Tranchant’s counsel mailed the request for service on the ninetieth day, it found that “simply ^placing a request in the mail, ninety days after suit was filed does not constitute a timely request for service as contemplated by LSA-R.S. 13:5107.... [T]he statute contemplates that if the request for service is submitted by mail, it must actually be received by the Clerk by day ninety.”[7]
DISCUSSION
The standard of review of a trial court’s judgment dismissing an action for failure to request service timely is manifest error. Johnson v. Brown, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322. Because the defendants in this case are the state, a state hospital, and state employees, the relevant statutory provision applicable to this case is La. R.S. 13:5107 D,[8] which provides:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer *1177 or employee thereof, who has not been served'..
(3) When the state, a state agency, or a political subdivision, or any' officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defeh-dants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee Rthereof; however, the effect of interruption of prescription as to other persons shall continue.
La. R.S. 13:5107 D. Section 13:5107 D(2) refers to La. C.C.P. art 1672(C), which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
The statutory mandate set forth in La. R.S. 13:5107 D that service must be requested within the ninety-day period is subject to only two exceptions: (i) when a defendant expressly waives service by “any written waiver,” La. R.S. 13:5107 D(l); and (ii) when “good cause is shown why service could not be requested,” La. C.C.P. art. 1672(C). Given the significance of proper citation, the requirements of La. R.S. 13:5107 D and the good cause exception in La. C.C.P. art. 1672(C) are strictly construed. See Johnson, 03-0679 at p. 10, 851 So.2d at 326.
Mr. Tranchant does not contend that there was an express waiver; rather, he contends that he complied with the plain and unambiguous language of La. R.S. 13:5107 D(l) by timely mailing a request for service within the ninety day period. He contends that this statute does not require the request be received. Alternatively, he contends that the good cause exception in La. C.C.P. art. 1672(C) applies.
The initial issue, which we find disposi-tive, is whether Mr. Tranchant’s counsel’s letter dated and mailed on the ninetieth day complied with the requirement of La. R.S. 13:5107 D(l) that service be requested within ninety days of filing suit. Stated otherwise, the issue is whether, as the defendants contend and |Bthe trial court held, a request for service must be received by the ninetieth day in order to constitute a valid service request under La. R.S. 13:5107 D(l).
A similar issue was addressed in Rollins v. City of Zachary, 00-0160 (La.App. 1 Cir. 2/16/01), 808 So.2d 439.[9] Construing La. *1178 R.S. 13:5107 D as imposing a receipt requirement, the court reasoned as follows:
Revised Statute 13:5107. D does not provide any specific method for how service should be requested, nor does it provide when a “request” is deemed to be made. However, we find that merely attesting that a request was placed in the regular U.S. Mail is not sufficient to establish that a timely “request for service” was made. Instead, we find that a valid and effective “request,” asking the Clerk of Court to perfect service, also requires the receipt of the request by the Clerk of Court’s office. We note that LSA-C.C.P. art. 253 provides, in part, “All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered, to the clerk of the court for such purpose.”
Rollins, 00-0160 at p. 5, 808 So.2d at 443 (emphasis in original).
The holding in Rollins that receipt of the request is required is premised on the principles governing the filing of documents with the court, which are codified in La. C.C.P. art. 253. • Relying on these principles governing the filing of pleadings, the court in Rollins reasoned that it was the plaintiffs choice to send the request for service by ordinary mail and that “it is incumbent on a party sending a request by ordinary mail to ensure or verify that the Clerk of Court received the ^request.” Rollins, 00-0160 at p. 6, 808 So.2d at 444.[10] However, reliance on the principles governing the filing of pleadings to determine whether a request for service has been timely made is misplaced. Nothing in La. R.S. 13:5107 D requires that a request for service be “filed with the court.” Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985 (emphasis in the original). As the Louisiana Supreme Court found in Wilbom, the requirements of the fax-filing statute, La. R.S. 13:850,[11] did not apply to a request for service under La. R.S. 13:5107 D because the latter statute does not require that the request for service be filed. For the same reason, we find that the general requirements for filing of pleadings with the court codified in La. C.C.P. art. 253, including *1179 the requirement of receipt, do not apply to a request for service under La. R.S. 13:5107 D. We thus find, as Mr. Tranchant contends, that it was legal error for the trial court to impose a receipt requirement.
In the instant case, the trial court expressly stated that it did not doubt that Mr. Tranchant’s counsel mailed the request for service on the ninetieth day after |7suit was filed.[12] Once the trial court found that the request for service had been timely mailed, it was an error of law for the court to conclude that Mr. Tran-chant’s request was untimely under La. R.S. 13:5107 D and to dismiss the action under La. C.C. art. 1472(C). Considering the harsh consequence of a dismissal of a suit against state defendants for failure to timely request service under La. R.S. 13:5107 D[13] coupled with the policy favoring maintaining actions, we reverse the trial court’s judgment.[14]

DECREE

For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, J., Concurs in Part and Dissents in Part with Reasons.
TOBIAS, J., concurs.
CANNIZZARO, J., dissents and assigns reasons.

. For ease of reference, we refer to the plaintiffs, Mr. and Mrs. Tranchant, simply as “Mr. Tranchant.”

. The underlying malpractice claim stems from the coronary bypass surgery Mr. Tran-chant underwent at LSUHSC on June 17, 2004. The medical review panel proceeding in this matter was dismissed on June 9, 2006. There is no dispute regarding the timeliness of the filing of the petition.

. The ninetieth day was actually Wednesday, November 1, 2006. However, pursuant to La. R.S. 1:55, November 1, All Saints’ Day, is a legal holiday. For this reason, the ninetieth day for purposes of determining the timeliness of the request for service was Thursday, November 2, 2006.

.The proper procedural device for objecting to late service is a motion for involuntary dismissal under La. C.C.P. art. 1672(C), not a declinatory exception. Filson v. Windsor Court Hotel, 04-2893, p. 4 (La.6/29/05), 907 So.2d 723, 727.

. The hospital and individual doctors also asserted in the exception that service was requested as to them on a non-agent' — an attorney who was not their agent for service of process. Given the trial court’s ruling that service was not timely requested, this issue was not reached.

. As the defendants point out, the proper procedural device was really a motion to reconsider, not a motion for new trial.

. The court noted that imposing a receipt requirement "is necessary to prevent possible fraud by back dating a letter to a date within the ninety day term, when the letter does not reach the Clerk of Court until after the ninety day term.”

.La. R.S. 13:5107 D is similar to La. C.C.P. art. 1201, a general law requiring service upon a defendant. However, La. R.S. 13:5107 D is a special law that applies to the state and state agencies; this special law thus controls in this case over the general law, La. C.C.P. art. 1201. See Cali v. Cory, 04-1227 (La.App. 4 Cir. 11/03/04), 886 So.2d 648, writ denied, 04-3155 (La.02/25/05), 894 So.2d 1153.

. In Rollins, a personal injury suit was filed on May 4, 1999, against the tortfeasor, the tortfeasor’s insurer, and the City of Zachary. The plaintiff requested that service on the defendants be held. On July 29, 1999 (within the ninety day period), the plaintiff mailed a request for service along with a forma pau-peris application to the clerk’s office. Three days later, the attorney for the tortfeasor and his insurer contacted plaintiff's counsel and requested an extension of time to plead. This led the plaintiff to believe that service had been perfected. However, in August 1999, the tortfeasor and his insurer filed a motion for involuntary dismissal for failure to timely request service under La. C.C.P. art. 1201 C. Plaintiff’s counsel then learned that the July 29th letter requesting service had never been received by the clerk’s office and thus hand delivered a request for service. When the City was served/it responded with a motion to dismiss for failure to timely request service under La. R.S. 13:5107 D. Although the plaintiff did not oppose the motion to dismiss filed by the tortfeasor and his insurer, he opposed the City's motion. In support, the plaintiff introduced an affidavit of his counsel's law *1178 clerk who attested that he placed the July 29th -letter requesting service in the United States mail within the ninety day period. Finding that the term “request” as used in La. R.S. 13:5107 D contemplated more than depositing a letter in the mail directed to the clerk of court, the trial court granted the City’s motion. Agreeing with the trial court, the court of appeal affirmed.

. The Rollins court noted there were three steps the plaintiff could have taken to ensure a valid and effective request was made: (1) sent the request by certified mail-return receipt requested; (2) hand delivered the request; or (3) placed a telephone call to the clerk of court’s office before the expiration of the ninety day period to verify receipt of the request. Rollins, 00-0160 at p. 6, 808 So.2d at 443.

. La. R.S. 13:850 provides in pertinent part as follows:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and, a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.

.The actual envelope in which the request for service was mailed is not in the record. The evidence supporting the trial court’s factual finding that the letter was mailed on the ninetieth day consists of the date of the letter coupled with Mr. Tranchant’s counsel’s assertions in pleadings, which he signed as an officer of the court, that he mailed the letter on that same date. Although six calendar days elapsed between the date counsel asserts that he mailed the request and the date it was received, these events occurred slightly over a year post-Hurricane Katrina, and the mail was not yet back to normal. We also note that the date that counsel asserts he mailed the letter requesting service — November 2, 2006 — was a Thursday; November 4th and 5th were a Saturday and Sunday (the weekend); and November 7th was Election Day. The letter requesting service and payment for same were received on November 8th. Given these particular circumstances, we cannot say the trial court's factual determination that the request for service was mailed on November 2nd was manifestly erroneous.

. The harsh consequence of dismissing an action against state defendants is that La. R.S.13:5107 D(3) provides that prescription is not interrupted as to the state defendants when a suit is dismissed for failure to timely request service.

. Counsel for the State has filed a supplemental brief raising an issue regarding the adequacy of service and citing in support Johnson v. University Medical Center in Lafayette, 07-1683 (La. 11/21/07), 968 So.2d 724. The trial court did not reach this issue. Therefore, the issue is not before us.