LOIS EUGENE

VERSUS

BRETT DURONCELET, WASTE
CONNECTION, INC., AND XYZ INSURANCE
COMPANY

NO. 19-C-224

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-459, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING


July 03, 2019


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Hans J. Liljeberg, and John J. Molaison, Jr.


**WRIT GRANTED; RULING REVERSED; EXCEPTION OF**
**INSUFFICIENCY OF SERVICE OF PROCESS GRANTED;**
**CLAIMS AGAINST WASTE CONNECTIONS BAYOU, INC.**
**DISMISSED WITHOUT PREJUDICE**
>    **JGG**
>    **HJL**
>    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
LOIS EUGENE
Clarence J. Roby, Jr.

COUNSEL FOR DEFENDANT/RELATOR,
WASTE CONNECTIONS BAYOU, INC.
Guice A. Giambrone, III
Carolan D. Luning

**GRAVOIS, J.**

Relator, Waste Connections Bayou, Inc. ("Bayou"), seeks this Court's supervisory review of the trial court's March 28, 2019 written judgment which denied its declinatory exception of insufficiency of service of process. For the following reasons, we grant this writ, reverse the ruling of the trial court, grant Bayou's exception of insufficiency of service of process, and dismiss the claims asserted by plaintiff, Lois Eugene, against Bayou, in this case, without prejudice.

## FACTS AND PROCEDURAL BACKGROUND

On July 9, 2018, plaintiff, Lois Eugene, filed a petition for damages asserting claims against Bayou for injuries she allegedly sustained in a motor vehicle accident which purportedly occurred on July 10, 2017 in Jefferson Parish.[1] At the end of the petition, there was a handwritten note to "HOLD" service as to "Corporate Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802." No other service information was provided.

According to plaintiff, service was initially withheld because of active ongoing settlement negotiations between the parties, and a courtesy copy of the petition was emailed to the insurance adjuster handling the claim. Plaintiff asserts that service was later requested by letter from plaintiff's counsel to the Jefferson Parish Clerk of Court's office dated September 24, 2018. According to an affidavit of Greta Perrier, plaintiff's counsel's legal assistant, on October 30, 2018, during a routine accounting audit, she discovered that the check mailed with the September 24, 2018 service request letter never cleared. Thus, she contacted the Clerk of Court's office and was informed that the Clerk of Court's office never received the

---

[1] In the petition, plaintiff also asserted claims against Brett Duroncelet and "XYZ Insurance Company." The petition avers that the accident was due to the negligence and legal fault of Mr. Duroncelet, but he was not listed as being "Made Defendant Herein." The petition specifically avers, however, that Mr. Duroncelet was negligent through a number of specific acts and lists him as a defendant in the prayer at the end of the petition. At the hearing on the exception, the trial court determined that "if Duroncelet is, in fact, not a named defendant and … whether or not [Bayou had] the right to assert anything about Duroncelet not being served" was a separate question that was not of concern at the hearing.

September 24, 2018 check for service. Plaintiff subsequently issued her second request for service of citation by letter dated November 1, 2018, requesting that the "hold" on service be lifted. The letter stated that plaintiff's counsel's legal assistant was submitting this again "because [she] discovered the check still has not cleared." On November 14, 2018, the Jefferson Parish Clerk of Court's office notified plaintiff's counsel that the service instructions on the petition listed an address but did not name the defendant plaintiff wished to serve. On that same day, plaintiff responded and requested that Bayou be served through "Corporation Service Company." On November 28, 2018, Bayou was served.

On December 13, 2018, Bayou filed a motion for an extension of time within which to file pleadings in response to plaintiff's petition, which was granted. On January 8, 2019, Bayou filed a declinatory exception of insufficiency of service of process, alleging that service of process on Bayou was not requested within 90 days of filing of the petition, as required by La. C.C.P. art. 1201(C),[2] and thus the claims against it should be dismissed without prejudice pursuant to La. C.C.P. art. 1672(C).[3] Bayou argued that service was not requested on it until November 14, 2018, 128 days after the petition was filed, and thus service of process on it was not timely requested. Bayou argued that it did not expressly waive service in writing and that plaintiff would not be able to demonstrate "good cause" for the delay.

_____

[2] La. C.C.P. art. 1201(C) provides, in pertinent part:

Service of the citation shall be requested on all named sudants within ninety days of commencement of the action. …

[3] La. C.C.P. art. 1672(C) provides:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

19-C-224                                                            2

In response, plaintiff argued that because service was timely requested on September 24, 2018, 77 days after the filing of suit, there is no insufficient service of process, and the exception should thus be overruled.

The trial court orally denied the exception after arguments on March 12, 2019. In its oral reasons for judgment, the trial court noted that it was strictly construing the application of La. C.C.P. art. 1201(C) and stated that it believed that the very purpose of the article is to prevent a defendant from being prejudiced by a plaintiff who sat on a case for some extended period of time before the defendant had a chance to sufficiently discover the case. The trial court stated that there did not appear to be any prejudice to defendant in this case since defendant was made fully aware of the claim and plaintiff's allegations. The trial court stated that there was good cause not to apply La. C.C.P. art. 1201(C) since plaintiff's counsel did request service within the 90 days according to the September 24, 2018 letter to the Clerk of Court's office. The trial court noted that the law does not require "actual effecting of service, it just requires a request." The court further noted that when plaintiff's counsel realized that there was an issue, he sought to remedy it within thirty days. The written judgment denying the exception was signed on March 28, 2019.

In its writ application, Bayou argues that the trial court erred because the Clerk of Court's office did not receive a request from plaintiff for service within 90 days of the suit being filed; rather, the request for service was not received by the Clerk of Court's office until November 14, 2018, some 128 days after commencement of the action. Bayou also argues that the trial court erred in finding good cause as to why service could not have been timely requested. Finally, Bayou argues that, though it had knowledge of the suit and was attempting to negotiate resolution of the claim prior to the suit being filed, there was no express written waiver of service by Bayou.

## ANALYSIS

Pursuant to La. C.C.P. art. 1201(C), "[s]ervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action." If service is not requested within the time period provided by La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested." The standard of review for an appellate court regarding an exception of insufficient service of process is manifest error. *Davis v. Caraway*, 14-264 (La. App. 5 Cir. 10/29/14), 164 So.3d 223, 225.

In *Rollins v. City of Zachary*, 00-0160 (La. App. 1 Cir. 2/16/01), 808 So.2d 439, the plaintiffs filed a petition for damages on May 4, 1999, but requested that service be withheld. On July 29, 1999, the plaintiffs wrote a letter requesting service upon all the defendants and deposited the letter into the regular U.S. Mail within the 90-day period as required by La. C.C.P. art 1201(C) and La. R.S. 13:5107(D)(1).[4] Thereafter, on August 27, 1999, the plaintiffs' counsel learned that the Clerk of Court's office never received the July 29 request for service; therefore, on that same day, the plaintiffs hand-delivered a second request for service upon all of the defendants.[5] On October 25, 1999, the defendants filed a motion to dismiss the plaintiffs' petition for failure to serve the defendants within 90 days of the filing date of the petition, as required by La. 13:5107(D)(1). *Id*. at

---

[4] The named defendants in *Rollins* included, among others, the City of Zachary, Zachary City Police, Chief of the Zachary City Police, a sergeant with the Zachary City Police, and the Mayor of Zachary. La. R.S. 13:5107(D)(1) provides the specific services requirements against the state, a state agency or political subdivision, or any officer or employee thereof named as a party. It states:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

[5] Plaintiffs learned this information after two defendants, Allstate Insurance Company and Christopher Holden, filed a motion for involuntary dismissal of the petition for failure of the plaintiffs to request service within 90 days of the commencement of the action, pursuant to La. C.C.P. art. 1201(C). Plaintiffs did not oppose the motion for dismissal filed by Allstate and Holden, and they were subsequently dismissed. *Rollins*, 808 So.2d at 441.

441. The trial court granted the motion to dismiss without prejudice. *Id*. at 442. On appeal, the First Circuit Court of Appeal found that merely attesting that a request was placed in the regular U.S. Mail was not sufficient to establish that a timely "request for service" was made.[6] *Id*. at 443. The court found that a valid and effective "request" requires the receipt of the request by the Clerk of Court's office. *Id*. The court went on to note that "the plaintiffs could have sent the July 29 request by certified mail-return receipt requested, hand-delivered the July 29 request, or simply placed a telephone call to the Clerk of Court's office before expiration of the 90-day time period to verify that the Clerk of Court's office received the service request." *Id*. The court further noted that the plaintiffs did not dispute that the Clerk of Court's office did not receive the July 29 request, even after the 90-day time limit expired. *Id*.

In *Tranchant v. State*, 08-0978 (La. 1/21/09), 5 So.3d 832, the plaintiffs mailed a letter requesting service within 90 days of the commencement of the action pursuant to La. 13:5107(D)(1). The Clerk of Court's office received the letter but not until after the 90-day period had expired. *Id*. at 833. In considering whether this was a timely request, the Louisiana Supreme Court analyzed what constitutes a "request" for service pursuant to La. R.S. 13:5107(D)(1). The court found that the ordinary meaning of the word "request," without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. *Id*. at 836. Thus, it found that, for the purposes of La. R.S 13:5107(D)(1), service of citation should be deemed "requested" when the clerk receives service instructions from the plaintiff. *Id*. It went on to find that the request for service was received by the Clerk of Court's office more than 90 days

---

[6] In *Rollins*, in support of their argument, the plaintiffs included an affidavit from a law clerk for plaintiffs' attorney, and at the hearing on the motion to dismiss, they introduced the affidavit as well a copy of the July 29 letter. *Rollins*, 808 So.2d at 441-442. Similarly, in the present case, plaintiff presented an affidavit of plaintiff's counsel's legal assistant, with copies of the September 24 letter and the top portion of the original check for service attached thereto (but not a copy of the actual check).

after the commencement of the action. Thus, the plaintiffs did not request service upon the named defendants within ninety days from the commencement of the action pursuant to La. R.S. 13:5107(D)(1), and it was mandatory that the action be dismissed without prejudice. *Id* at 837-838.[7]

Though in the present case we are dealing with service pursuant to La. C.C.P. art. 1201(C), rather than La. R.S. 13:5107(D)(1), we find *Tranchant* and *Rollins* are instructive. Here, though it is alleged that a letter with a check requesting service was mailed to the Clerk of Court's office on September 24, 2018, the writ application reflects that the Clerk of Court's office apparently did not receive the letter and the check. Thus, we find that service was not timely requested as the September 24, 2018 request for service was never received by the Clerk of Court's office.

Further, we find that the trial court erred in finding "good cause" for plaintiff's failure to timely request service. "Good cause" is not defined by Article 1672(C). Although the manifest error standard of review applies to the trial court's dismissal of a suit for failure to request timely service, Louisiana courts strictly construe the good cause requirement of La. C. C. P. art. 1672(C). *See Boyd v. Picayune*, 11-119 (La. App. 5 Cir. 11/15/11), 82 So.3d 298, 300; *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 02-2576 (La. 2/7/03), 841 So.2d 725, 726. In the present case, plaintiff could have sent the September 24 request for service letter by certified mail-return receipt requested, or hand-delivered the September 24 request for service letter. Plaintiff also could have simply placed a telephone call to the Clerk of Court's office before expiration of the 90-day time period to verify that the Clerk of Court's office received the service request letter.

---

[7] In *Tranchant*, the court discussed *Rollins*, *supra*. The Supreme Court noted that the court in *Rollins* was not required to determine whether the receipt had to be within the ninety-day period because the Clerk of Court in *Rollins* never received the letter at all; rather, the court in *Rollins* simply concluded that a valid and effective request of service pursuant to La. R.S 13:5107(D)(1) requires the receipt of the request by the Clerk of Court's office. *Tranchant*, 5 So.3d at 837.

*See Rollins*, *supra*. Thus, under the circumstances presented, we do not find that there is "good cause" for plaintiff's failure to request service within ninety days of commencement of the action.

Finally, service was still necessary on Bayou even though Bayou was aware of the claims that were being brought against it by plaintiff. *See Naquin v. Titan Indemnity Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704, 710.

## CONCLUSION

For the foregoing reasons, we find that the trial court was manifestly erroneous in denying Bayou's declinatory exception of insufficiency of service of process. We accordingly grant this writ, reverse the ruling of the trial court, grant Bayou's exception of insufficiency of service of process, and dismiss the claims asserted by plaintiff, Lois Eugene, against relator, Waste Connections Bayou, Inc., in this case, without prejudice.

**WRIT GRANTED; RULING REVERSED; EXCEPTION OF INSUFFICIENCY OF SERVICE OF PROCESS GRANTED; CLAIMS AGAINST WASTE CONNECTIONS BAYOU, INC. DISMISSED WITHOUT PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 3, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

**19-C-224**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
GUICE A. GIAMBRONE, III (RELATOR)     CAROLAN D. LUNING (RELATOR)

**MAILED**
CLARENCE J. ROBY, JR. (RESPONDENT)
ATTORNEY AT LAW
3701 CANAL STREET
SUITE U
NEW ORLEANS, LA 70119