968 So.2d 724 (2007)
Lela JOHNSON
v.
UNIVERSITY MEDICAL CENTER IN LAFAYETTE, et al.
No. 07-CC-1683.
Supreme Court of Louisiana.
November 21, 2007.
PER CURIAM.
On March 15, 2006, plaintiff filed the instant petition for damages against several defendants, including two state-run facilities, the University Medical Center, Lafayette and the Medical Center of Louisiana at New Orleans (collectively referred to hereinafter as the "State defendants"). Plaintiff's petition initially requested that service be held. Thereafter, on June 13, 2006, plaintiff sent a letter to *725 the clerk of court, requesting service on "University Medical Center in Lafayette, 2390 West Congress Street, Lafayette, LA 70596" and "Medical Center of Louisiana at New Orleans, through its agent, USRY, WEEKS AND MATHEWS, 1717 St. Charles Avenue, Suite 100, New Orleans, LA 70130."
Approximately six months later, the State defendants moved to dismiss plaintiff's petition without prejudice pursuant to La.Code Civ. P. art. 1672(C), on the ground that plaintiff failed to request service on them within ninety days of the filing of the original petition, as required by La. R.S. 13:5107(D). In support, they argued plaintiff requested service on persons who were not designated as agents for service of process for the State defendants named in the lawsuit.
After a hearing, the district court denied the State defendants' motion to dismiss. The State defendants sought supervisory review in the court of appeal, which denied writs. This application followed.
It is well settled that service of process made on one other than the person authorized to accept such service is illegal and without effect. Conner v. Continental S. Lines, Inc., 294 So.2d 485 (La.1974). Interpreting La. R.S. 13:5107(D) in light of this jurisprudence, we have held that the requirement that service upon the defendant be requested within ninety days of the filing of the suit "should reasonably be read to require an accurate request of service upon the proper agent for defendant." Barnett v. Louisiana State Univ. Med. Ctr. Shreveport, 02-2576 at p. 2 (La.2/7/03), 841 So.2d 725, 726.
In the instant case, it is undisputed that plaintiff failed to request service upon the proper agents for the State defendants within ninety days of the filing of suit. As a result, there was no accurate request for service for purposes of La. R.S. 13:5107(D).
In cases where service is not made within ninety days, La.Code Civ. P. art. 1672(C) mandates that the action must be dismissed without prejudice, "unless good cause is shown why service could not be requested. . . ." Although "good cause" is not defined in art. 1672(C), the jurisprudence has held that mere confusion over a party's proper service information is not a sufficient basis for good cause. See Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283.
In the instant matter, plaintiff has advanced no compelling reason why she could not have ascertained the proper agents for service of process for the State defendants named in this lawsuit. Under these circumstances, we find plaintiff has failed to demonstrate good cause for her failure to request accurate service on the State defendants within ninety days of the institution of her action.
In sum, we find plaintiff failed to request accurate service on the State defendants within ninety days of the commencement of her action.[1] Pursuant to the mandatory language of La.Code Civ. P. art. 1672(C), her action must be dismissed without prejudice.
Accordingly, the writ is granted. The judgment of the district court is reversed and judgment is entered in favor of the State defendants, dismissing plaintiff's suit against them without prejudice.
*726 KIMBALL, J., would grant and docket the writ.
JOHNSON, J., dissents and would deny.
NOTES
[1] Because we find plaintiff failed to make an accurate request for service within ninety days, we pretermit consideration of the State defendants' alternative argument that plaintiff's request was improper because she failed to pay the necessary filing fees at the time she made her request.