978 So.2d 1174 (2008)
Saledad Tranchant, wife of/and Charles TRANCHANT
v.
STATE of Louisiana, Louisiana State University Health Sciences Center d/b/a Medical Center of Louisiana at New OrleansUniversity Campus; Thomas B. Ferguson, M.D.; Watts Webb, M.D. and Christy Zolfoghary, M.D.
No. 2007-CA-1273.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 2008.
Rehearing Denied April 16, 2008.
*1175 Mark R. Wolfe, Wolfe, Begoun & Pick, L.L.C., New Orleans, LA, for Plaintiffs/Appellants.
James D. "Buddy" Caldwell, Attorney General, Paul B. Deal, Susan H. Lafaye, Assistant Attorneys General, Louisiana Department of Justice, Litigation Division, New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, and Judge LEON A. CANNIZZARO, JR.).
PATRICIA RIVET MURRAY, Judge.
In this medical malpractice suit, Saledad and Charles Tranchant appeal the judgment dismissing their claim for failure to timely request service of process upon the defendants within ninety days of filing the petition as required by La. R.S. 13:5107 D. For the reasons that follow, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
On August 3, 2006, Mr. Tranchant[1] filed a petition for damages asserting a medical malpractice claim against the following five defendants: the State of Louisiana; Louisiana State University Health Sciences Center d/b/a Medical Center of Louisiana at New OrleansUniversity Campus ("LSUHSC"); Thomas B. Ferguson, M.D.; Watts Webb, M.D.; and Christy Zolfoghary, M.D.[2] In the petition, Mr. Tranchant requested to "hold service at this time on all defendants." Exactly ninety days after filing suit,[3] on November 2, 2006, Mr. Tranchant's counsel mailed a letter and a check to the clerk of court requesting service on all the defendants. On November 8, 2006, the clerk's office received the request for service of the petition.
On January 29, 2007, the defendants filed a declinatory exception of insufficiency of service of process.[4] In the exception, the defendants asserted that the request for service was untimely and cited La. R.S. 13:5107 and/or La. C.C.P. art. 1201(C) as *1176 authority for dismissal of the action.[5]
On March 22, 2007, the trial court rendered a judgment in the defendants' favor dismissing the suit without prejudice. The trial court found that more than ninety days elapsed between the date the suit was filed and the date on which service was requested. In so finding, the court deemed the date on which the clerk's office received and filed the request for service to be the date on which service was requested. Although the court noted that there was no bad faith or intent to deceive on Mr. Tranchant's part, it found that dismissal without prejudice was mandatory under La. R.S. 13:5107 D and/or La. C.C.P. art. 1201(C).
Mr. Tranchant then filed a motion for new trial.[6] The trial court held a hearing on the motion on May 10, 2007. In a judgment dated June 21, 2007, the trial court denied the motion. The trial court also issued written reasons for judgment. Although the court acknowledged that it believed Mr. Tranchant's counsel mailed the request for service on the ninetieth day, it found that "simply placing a request in the mail, ninety days after suit was filed does not constitute a timely request for service as contemplated by LSA-R.S. 13:5107. . . . [T]he statute contemplates that if the request for service is submitted by mail, it must actually be received by the Clerk by day ninety."[7]

DISCUSSION
The standard of review of a trial court's judgment dismissing an action for failure to request service timely is manifest error. Johnson v. Brown, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322. Because the defendants in this case are the state, a state hospital, and state employees, the relevant statutory provision applicable to this case is La. R.S. 13:5107 D,[8] which provides:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer *1177 or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
La. R.S. 13:5107 D. Section 13:5107 D(2) refers to La. C.C.P. art 1672(C), which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
The statutory mandate set forth in La. R.S. 13:5107 D that service must be requested within the ninety-day period is subject to only two exceptions: (i) when a defendant expressly waives service by "any written waiver," La. R.S. 13:5107D(1); and (ii) when "good cause is shown why service could not be requested," La. C.C.P. art. 1672(C). Given the significance of proper citation, the requirements of La. R.S. 13:5107 D and the good cause exception in La. C.C.P. art. 1672(C) are strictly construed. See Johnson, 03-0679 at p. 10, 851 So.2d at 326.
Mr. Tranchant does not contend that there was an express waiver; rather, he contends that he complied with the plain and unambiguous language of La. R.S. 13:5107 D(1) by timely mailing a request for service within the ninety day period. He contends that this statute does not require the request be received. Alternatively, he contends that the good cause exception in La. C.C.P. art. 1672(C) applies.
The initial issue, which we find dispositive, is whether Mr. Tranchant's counsel's letter dated and mailed on the ninetieth day complied with the requirement of La. R.S. 13:5107 D(1) that service be requested within ninety days of filing suit. Stated otherwise, the issue is whether, as the defendants contend and the trial court held, a request for service must be received by the ninetieth day in order to constitute a valid service request under La. R.S. 13:5107 D(1).
A similar issue was addressed in Rollins v. City of Zachary, 00-0160 (La.App. 1 Cir. 2/16/01), 808 So.2d 439.[9] Construing La. *1178 R.S. 13:5107 D as imposing a receipt requirement, the court reasoned as follows:
Revised Statute 13:5107 D does not provide any specific method for how service should be requested, nor does it provide when a "request" is deemed to be made. However, we find that merely attesting that a request was placed in the regular U.S. Mail is not sufficient to establish that a timely "request for service" was made. Instead, we find that a valid and effective "request," asking the Clerk of Court to perfect service, also requires the receipt of the request by the Clerk of Court's office. We note that LSA-C.C.P. art. 253 provides, in part, "All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose."
Rollins, 00-0160 at p. 5, 808 So.2d at 443 (emphasis in original).
The holding in Rollins that receipt of the request is required is premised on the principles governing the filing of documents with the court, which are codified in La. C.C.P. art. 253. Relying on these principles governing the filing of pleadings, the court in Rollins reasoned that it was the plaintiff's choice to send the request for service by ordinary mail and that "it is incumbent on a party sending a request by ordinary mail to ensure or verify that the Clerk of Court received the request." Rollins, 00-0160 at p. 6, 808 So.2d at 444.[10] However, reliance on the principles governing the filing of pleadings to determine whether a request for service has been timely made is misplaced. Nothing in La. R.S. 13:5107 D requires that a request for service be "filed with the court." Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985 (emphasis in the original). As the Louisiana Supreme Court found in Wilborn, the requirements of the fax-filing statute, La. R.S. 13:850,[11] did not apply to a request for service under La. R.S. 13:5107 D because the latter statute does not require that the request for service be filed. For the same reason, we find that the general requirements for filing of pleadings with the court codified in La. C.C.P. art. 253, including *1179 the requirement of receipt, do not apply to a request for service under La. R.S. 13:5107 D. We thus find, as Mr. Tranchant contends, that it was legal error for the trial court to impose a receipt requirement.
In the instant case, the trial court expressly stated that it did not doubt that Mr. Tranchant's counsel mailed the request for service on the ninetieth day after suit was filed.[12] Once the trial court found that the request for service had been timely mailed, it was an error of law for the court to conclude that Mr. Tranchant's request was untimely under La. R.S. 13:5107 D and to dismiss the action under La. C.C. art. 1472(C). Considering the harsh consequence of a dismissal of a suit against state defendants for failure to timely request service under La. R.S. 13:5107 D[13] coupled with the policy favoring maintaining actions, we reverse the trial court's judgment.[14]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, J., Concurs in Part and Dissents in Part with Reasons.
TOBIAS, J., concurs.
CANNIZZARO, J., dissents and assigns reasons.
JONES, J., concurring in part and dissenting in part.
While I agree with the majority that the district court commits legal error by holding that the statutes at issue requires both the request for service of process and the receipt of that request, I cannot agree that the judgment must be reversed.
The district court finds of record that counsel for the petitioner timely requested service of process by mail. However, there is absolutely NOTHING of record to support that finding of fact. And, while counsel represents that he timely requested service, the record is devoid of any evidence thereof. Thus, for this reason, I would affirm the judgment of the district court, and respectfully dissent.
*1180 TOBIAS, J., Concurring.
I respectfully concur.
The issue before this court is not really one of manifest error but rather one of law. Issues of law are decided de novo by this court.
I do not find the dissent of Judge Cannizzaro wrong per se for Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985, can legitimately be read to state that the request for service must not only be made within 90 days but must also be received within that 90 days. That is, in Wilborn, the plaintiff facsimile transmitted his request for service on the ninetieth day and the facsimile transmittal was actually received by the clerk of court on that ninetieth day. No requirement exists that the request for service be filed into the court record; even an oral request if established by a party would be an adequate request. La. R.S. 13:5107 has no requirement that the request for service be received on that ninetieth day. But one can reasonably interpret the statutory requirement to mean transmitted and received by the clerk by the ninetieth day.
The record reflects a copy of the letter request for service dated 2 November 2006 which is attached to the appellants brief to the trial court. As a pure matter of law, it is not properly a part of the record on appeal because it is not a pleading as defined by La. C.C.P. art. 852 and is not attested to by affidavit. In this respect one can agree with the dissent of Judge Jones. Nevertheless, counsel for the appellees at oral argument in this court did not dispute that counsel for the appellants requested service by the letter of 2 November 2006, although counsel did not concede emphatically that the letter was mailed on 2 November 2006. The trial court affirmatively stated and believed that counsel for the appellants mailed his request for service on the date of the letter.
That service may have been effected upon the appellees improperly (appellants did not request or obtain service of process upon the proper agents for service of the appellees) is not presently before the court and thus Johnson v. University Medical Center in Lafayette, 07-1683 (La. 11/21/07), 968 So.2d 724, is presently not an issue for us to decide
But if Myles v. Turner, 612 So.2d 32 (La.1993), is valid law, then one can reasonably conclude that the result we reach herein is also a reasonable conclusion. (Other jurisprudential examples exist.)
Although neither party raises the constitutional issue, I note that La. Const. Art. X, Section 12, provides in pertinent part:
(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
Beginning with Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La. 1978), and followed by a long line of cases, the courts have made it clear that the state and its political subdivisions cannot be placed in a better position than other persons in matters involving torts and contracts. La. R.S. 13:5107 places the state and its employees in an advantageous position in litigation matters, including medical malpractice. Our decision today levels that playing field somewhat to conform to the constitutional mandate.
*1181 I leave the matter to the Supreme Court of Louisiana to determine whether they read the law to require that the request and receipt of the request for service must be by the ninetieth day.
CANNIZZARO, J., Dissenting.
I respectfully dissent from the majority's reversal of the trial court judgment dismissing without prejudice the medical malpractice suit instituted by the plaintiffs, Saledad and Charles Tranchant.
It is undisputed, pursuant to La. R.S. 13:5107(D), a request for service of citation can be made with the authority appointed to effectuate service of process (i.e., clerk of court, sheriff's office) by filing the request in person or via facsimile (La. R.S. 13:850) within the ninety-day statutory delay. However, as correctly noted by the majority, La. R.S. 13:5107(D) does not mandate that the request for service be formally filed within the delay. In drafting La. R.S. 13:5107(D), the Louisiana Legislature clearly anticipated the request for service could be made in a manner other than in writing. As evidence, while the statute expressly provides the waiver of the service requirements be written, it does not require such with respect to the provision of notice. Accordingly, notice of service of citation may be made pursuant to a telephone call. In any event, whether the request for service is made through formal filing in person, facsimile filing, or by telephone, in each instance, the authority appointed to effectuate service must receive notice within the ninety-day delay for compliance under La. R.S. 13:5107(D).
With this observation, in order for the application of La. R.S. 13:5107(D) to prevent potential abuse or fraudulent practice, it is reasonable to conclude that the clerk of court or sheriff's office executing service would have to receive actual notice within the ninety-day requirement. Blacks Law Dictionary, 8th Edition (1999) defines "actual notice" as ". . . notice expressly and actually given, and brought home to the party directly . . . [Emphasis added.]." In the instant matter, while all parties concede counsel for the plaintiffs transmitted the request via the postal service within the ninety-day period, the clerk did not actually receive notice of the request within the specified delay. If the mere act of mailing the notice within the ninety-day period would in and of itself constitute compliance under La. R.S. 13:5107(D), the Legislature would have expressly provided for such. See e.g., Supreme Court Rule VII, Sec. 9[1]; Courts of Appeal Rule 2-13[2].
*1182 This position does not contravene the Louisiana Supreme Court's ruling in Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985. In Wilborn, the trial court concluded the plaintiffs' notice of service of their citation was satisfied under La. R.S. 13:5107(D), although they did not fully comply with the facsimile filing requirements set forth in La. R.S. 13:850. Based on the failure to comply with the facsimile filing requirements, the court of appeal reversed the trial court's ruling and dismissed the plaintiffs' action. The Supreme Court reversed the appellate court and reinstated the lower court ruling finding the notice of citation to be compliant with La. R.S. 13:5107(D), regardless of whether the plaintiffs satisfied the requirements of La. R.S. 13:850. The trial court and Supreme Court were cognizant that, unlike in the instant case, the clerk of court received actual notice of the request of service within the ninety-day period. Thus, I find misplaced the majority's reliance on Wilborn for the proposition that, like the filing requirement, receipt of the notice within the ninety-day delay is not statutorily mandated for service of a citation under La. R.S. 13:5107(D).
As such, I can not say the trial court erred in dismissing the plaintiffs' action.
NOTES
[1] For ease of reference, we refer to the plaintiffs, Mr. and Mrs. Tranchant, simply as "Mr. Tranchant."
[2] The underlying malpractice claim stems from the coronary bypass surgery Mr. Tranchant underwent at LSUHSC on June 17, 2004. The medical review panel proceeding in this matter was dismissed on June 9, 2006. There is no dispute regarding the timeliness of the filing of the petition.
[3] The ninetieth day was actually Wednesday, November 1, 2006. However, pursuant to La. R.S. 1:55, November 1, All Saints' Day, is a legal holiday. For this reason, the ninetieth day for purposes of determining the timeliness of the request for service was Thursday, November 2, 2006.
[4] The proper procedural device for objecting to late service is a motion for involuntary dismissal under La. C.C.P. art. 1672(C), not a declinatory exception. Filson v. Windsor Court Hotel, 04-2893, p. 4 (La.6/29/05), 907 So.2d 723, 727.
[5] The hospital and individual doctors also asserted in the exception that service was requested as to them on a non-agentan attorney who was not their agent for service of process. Given the trial court's ruling that service was not timely requested, this issue was not reached.
[6] As the defendants point out, the proper procedural device was really a motion to reconsider, not a motion for new trial.
[7] The court noted that imposing a receipt requirement "is necessary to prevent possible fraud by back dating a letter to a date within the ninety day term, when the letter does not reach the Clerk of Court until after the ninety day term."
[8] La. R.S. 13:5107 D is similar to La. C.C.P. art. 1201, a general law requiring service upon a defendant. However, La. R.S. 13:5107 D is a special law that applies to the state and state agencies; this special law thus controls in this case over the general law, La. C.C.P. art. 1201. See Cali v. Cory, 04-1227 (La.App. 4 Cir. 11/03/04), 886 So.2d 648, writ denied, 04-3155 (La.02/25/05), 894 So.2d 1153.
[9] In Rollins, a personal injury suit was filed on May 4, 1999, against the tortfeasor, the tortfeasor's insurer, and the City of Zachary. The plaintiff requested that service on the defendants be held. On July 29, 1999 (within the ninety day period), the plaintiff mailed a request for service along with a forma pauperis application to the clerk's office. Three days later, the attorney for the tortfeasor and his insurer contacted plaintiff's counsel and requested an extension of time to plead. This led the plaintiff to believe that service had been perfected. However, in August 1999, the tortfeasor and his insurer filed a motion for involuntary dismissal for failure to timely request service under La. C.C.P. art. 1201 C. Plaintiff's counsel then learned that the July 29th letter requesting service had never been received by the clerk's office and thus hand delivered a request for service. When the City was served, it responded with a motion to dismiss for failure to timely request service under La. R.S. 13:5107 D. Although the plaintiff did not oppose the motion to dismiss filed by the tortfeasor and his insurer, he opposed the City's motion. In support, the plaintiff introduced an affidavit of his counsel's law clerk who attested that he placed the July 29th letter requesting service in the United States mail within the ninety day period. Finding that the term "request" as used in La. R.S. 13:5107 D contemplated more than depositing a letter in the mail directed to the clerk of court, the trial court granted the City's motion. Agreeing with the trial court, the court of appeal affirmed.
[10] The Rollins court noted there were three steps the plaintiff could have taken to ensure a valid and effective request was made: (1) sent the request by certified mail-return receipt requested; (2) hand delivered the request; or (3) placed a telephone call to the clerk of court's office before the expiration of the ninety day period to verify receipt of the request. Rollins, 00-0160 at p. 6, 808 So.2d at 443.
[11] La. R.S. 13:850 provides in pertinent part as follows:

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
[12] The actual envelope in which the request for service was mailed is not in the record. The evidence supporting the trial court's factual finding that the letter was mailed on the ninetieth day consists of the date of the letter coupled with Mr. Tranchant's counsel's assertions in pleadings, which he signed as an officer of the court, that he mailed the letter on that same date. Although six calendar days elapsed between the date counsel asserts that he mailed the request and the date it was received, these events occurred slightly over a year post-Hurricane Katrina, and the mail was not yet back to normal. We also note that the date that counsel asserts he mailed the letter requesting service November 2, 2006was a Thursday; November 4th and 5th were a Saturday and Sunday (the weekend); and November 7th was Election Day. The letter requesting service and payment for same were received on November 8th. Given these particular circumstances, we cannot say the trial court's factual determination that the request for service was mailed on November 2nd was manifestly erroneous.
[13] The harsh consequence of dismissing an action against state defendants is that La. R.S.13:5107 D(3) provides that prescription is not interrupted as to the state defendants when a suit is dismissed for failure to timely request service.
[14] Counsel for the State has filed a supplemental brief raising an issue regarding the adequacy of service and citing in support Johnson v. University Medical Center in Lafayette, 07-1683 (La. 11/21/07), 968 So.2d 724. The trial court did not reach this issue. Therefore, the issue is not before us.
[1] Supreme Court Rule VII, Sec. 9 provides:

Briefs sent through the mail shall be deemed timely filed if mailed on or before the due date. If the brief is received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that it was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. For the purpose of this rule, the term "by mail" applies only to the United States Postal Service.
[2] Courts of Appeal Rule 2-13 provides:

All papers to be filed in a Court of Appeal shall be filed with the clerk. Filing may be accomplished by delivery or by mail addressed to the clerk. The filing of such papers shall be deemed timely when the papers are mailed on or before the due date. If the papers are received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that they were timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or cancellation stamp or by official receipt or certificate from the United States Postal Service or bonafide commercial mail services, such as Federal Express or United Parcel Service, made at the time of mailing which indicates the date thereof. Any other dated stamp, such as a private commercial mail meter stamp, shall not be used to establish timeliness.