TOBIAS, J.,
Concurring.
|A respectfully concur.
The issue before this court is not really one of manifest error but rather one of law. Issues of law are decided de novo by this court.
I do not find the dissent of Judge Can-nizzaro wrong per se for Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985, can legitimately be read to state that the request for service must not only be made within 90 days but must also be received within that 90 days. That is, in Wilbom, the plaintiff facsimile transmitted his request for service on the ninetieth day and the facsimile transmittal was actually received by the clerk of court on that ninetieth day. No requirement exists that the request for service be filed into the court record; even an oral request if established by a party would be an adequate request. La. R.S. 13:5107 has no requirement that the request for service be received on that ninetieth day. But one can reasonably interpret the statutory requirement to mean transmitted and received by the clerk by the ninetieth day.
The record reflects a copy of the letter request for service dated 2 November 2006 which is attached to the appellants brief to the trial court. As a pure matter of | ¡Jaw, it is not properly a part of the record on appeal because it is not a pleading as defined by La. C.C.P. art. 852 and is not attested to by affidavit. In this respect one can agree with the dissent of Judge Jones. Nevertheless, counsel for the ap-pellees at oral argument in this court did not dispute that counsel for the appellants requested service by the letter of 2 November 2006, although counsel did not concede emphatically that the letter was mailed on 2 November 2006. The trial court affirmatively stated and believed that counsel for the appellants mailed his request for service on the date of the letter.
That service may have been effected upon the appellees improperly (appellants did not request or obtain service of process upon the proper agents for service of the appellees) is not presently before the court and thus Johnson v. University Medical Center in Lafayette, 07-1683 (La.11/21/07), 968 So.2d 724, is presently not an issue for us to decide
But if Myles v. Turner, 612 So.2d 32 (La.1993), is valid law, then one can reasonably conclude that the result we reach herein is also a reasonable conclusion. (Other jurisprudential examples exist.)
Although neither party raises the constitutional issue, I note that La. Const. Art. X, Section 12, provides in pertinent part:
(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
Beginning with Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La. 1978), and followed by a long line of cases, the courts have made it clear that the state and its political subdivisions cannot be placed in a better position than other persons in matters involving torts and contracts. La. R.S. 13:5107 places the state and its employees in an advantageous position in litigation matters, including | smedical malpractice. Our decision today levels that playing field somewhat to conform to the constitutional mandate.
*1181 I leave the matter to the Supreme Court of Louisiana to determine whether they read the law to require that the request and receipt of the request for service must be by the ninetieth day.