# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-840

GAYNELLE ISAAC, ET AL.

VERSUS

LOUISE AMOS-GOMBAKO, M.D., ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2005-5387
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,[*] Judges.

**AFFIRMED.**

Pride J. Doran
Quincy L. Cawthorne
The Doran Law Firm
Post Office Box 2119
Opelousas, Louisiana 70571
(337) 948-8008
Counsel for Plaintiff/Appellant:
        Gaynelle Isaac

Paula Boagni Bertuccini
Assistant Attorney General
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
(225) 326-6320
Counsel for Defendant/Appellee:
        University Medical Center

---

[*]Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Brian H. McMillan**
**Angela Elly**
**Attorneys at Law**
**1010 Common Street, Suite 1950**
**New Orleans, Louisiana  70112**
**(504) 525-5025**
**Counsel for Plaintiff/Appellant:**
     **Gaynelle Isaac**

**Daryl Dion Parks**
**Parks & Crump, LLC**
**240 North Magnolia Drive**
**Tallahassee, Florida  32301**
**(850) 222-3333**
**Counsel for Plaintiff/Appellant:**
     **Gaynelle Isaac**

**SULLIVAN, Judge.**

Plaintiff appeals the trial court's dismissal of her claims against a state hospital for failure to timely request service on that defendant. We affirm.

### *Facts*

Plaintiff, Gaynell Isaac, filed suit against University Medical Center (UMC) and Dr. Louise Amos-Gombako, a physician at UMC, to recover damages arising from the death of Kimberly Issac, who died while a patient in that facility. Plaintiff requested that service be made on UMC's administrator, and it was. UMC did not file an answer to the suit, and Plaintiff entered a preliminary default against it. Thereafter, UMC filed a motion to have Plaintiff's claims dismissed on the basis that she did not request or obtain service on it as required by the Code of Civil Procedure and the Revised Statutes.

After a hearing, the trial court granted UMC's request and signed a judgment dismissing Plaintiff's claims against it. Plaintiff filed a motion for new trial, which the trial court denied. She then filed this appeal.

### *Discussion*

UMC's motion to have Plaintiff's claims against it dismissed was based on La.Code Civ.P. art. 1672(C), which provides for the dismissal of an action without prejudice when service was not requested within ninety days of suit being filed, as required by La.Code Civ.P. art. 1201(C).

UMC is a state medical facility. Two statutes address service and citation when the state is sued. Louisiana Revised Statutes 39:1538(4) provides that suits asserting tort claims against the state or any of its agencies "shall be served upon the head of the department concerned, the office of risk management, and the attorney

1

general, as well as any others required by R.S. 13:5107," and La.R.S. 13:5107(A) provides that when Louisiana or one of its agencies has been sued, "citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office . . . or any other proper officer or person . . . and in accordance with the laws of this state. . . ."

Plaintiff does not deny that she did not comply with the requirements of La.Code Civ.P. art. 1670(C). Instead, she contends that the trial court erred in dismissing her claims against UMC because she made a "good faith effort to comply with the rules regarding proper service and citation upon a state entity" and that she "conformed to *general* rules of service and citation when she properly served the party that caused the harm." She urges that her "error in interpreting the Louisiana Code of Civil Procedure" equates to "good cause," which excuses her failure to satisfy these service requirements.

The Louisiana Supreme Court has addressed this issue on numerous occasions and recently held that a party's failure to obtain service of process on one "authorized to accept service is illegal and without effect." *Johnson v. Univ. Med. Ctr.*, 07-1683, p. 2 (La. 11/21/07), 968 So.2d 724, 725. In *Johnson*, the supreme court also held that it is a plaintiff's responsibility to provide accurate service information for the proper agent for service of process to satisfy R.S.13:5107(D). *Id.*

The "good cause" requirement of La.Code Civ.P. art. 1672(C) has been strictly construed by Louisiana courts, as has been the duty of plaintiffs to determine and provide accurate service information. *Barnett v. La. State Univ. Med. Ctr.-Shreveport*, 02-2576 (La. 2/7/03), 841 So.2d 725. As noted by Plaintiffs, "good cause" is not defined in Article 1672(C); however, the supreme court has held that

2

"mere confusion over a party's proper service information is not a sufficient basis for good cause." *Johnson*, 968 So.2d at 725 (citing *Norbert v. Loucks*, 01-1229 (La. 6/29/01), 791 So.2d 1283). Indeed, in *Barnett*, 841 So.2d at 726, the supreme court observed that "La.R.S. 13:5107 explicitly governs service on a state agency, such as the defendant medical center. Thus, plaintiff could have discerned the proper agent with minimal effort and cannot show good cause for the delay in proper service."

Plaintiff has not established that her actions are any different from the plaintiff's actions in *Barnett*, where the supreme court determined that the failure to determine the proper agent for service of process on the defendant state medical center was not "good cause," as contemplated by La.Code Civ.P. art. 1672(C). Accordingly, we find no merit with Plaintiff's arguments.

### *Disposition*

The judgment of the trial court dismissing Plaintiff's claims against UMC is affirmed.

**AFFIRMED.**