# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-586


**LELA JOHNSON**

**VERSUS**

**UNIVERSITY MEDICAL CENTER IN LAFAYETTE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20061262 DIVISION D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.


**REVERSED; APPEAL REINSTATED.**


**James D. "Buddy" Caldwell**
**Attorney General**
**Jude D. Bourque**
**Assisstant Attorney General**
**Louisiana Department of Justice**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6320**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **State of Lousiana, Board of Supervisor of  LSU for University Medical**
   **Center**
   **The State Public Healthcare Providers**
   **Dr. Brytton Baker Eldridge**

**Ivan A. Orihuela**
**Riguer Silva, L.L.C.**
**3213 Florida Ave, Suite C**
**Kenner, LA 70065**
**(504) 466-7507**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lela Johnson**

**PETERS, J.**

The plaintiff in this medical malpractice case, Lela Johnson, had previously sought and obtained a grant of an appeal of the trial court judgment dismissing her claim against the University Medical Center in Lafayette and the Medical Center of Louisiana in New Orleans. When she failed to timely pay the estimated costs of that appeal, the defendants filed a motion to dismiss her appeal as abandoned. The trial court granted that motion, and the matter now before us is the appeal of that judgment of dismissal of her appeal. For the following reasons, we reverse and reinstate Ms. Johnson's appeal.

## DISCUSSION OF THE RECORD

This litigation originated as a medical malpractice action filed by Ms. Johnson against a number of medical providers including the University Medical Center in Lafayette and the Medical Center of Louisiana in New Orleans. A service issue, which was ultimately resolved by the supreme court in *Johnson v. University Medical Center in Lafayette*, 07-1683 (La. 11/21/07), 968 So.2d 724, arose early in the litigation. In that opinion, the supreme court set out the basic facts pertinent to the service issue as follows:

> On March 15, 2006, plaintiff filed the instant petition for damages against several defendants, including two state-run facilities, the University Medical Center, Lafayette and the Medical Center of Louisiana at New Orleans (collectively referred to hereinafter as the "State defendants"). Plaintiff's petition initially requested that service be held. Thereafter, on June 13, 2006, plaintiff sent a letter to the clerk of court, requesting service on "University Medical Center in Lafayette, 2390 West Congress Street, Lafayette, LA 70596" and "Medical Center of Louisiana at New Orleans, through its agent, USRY, WEEKS AND MATHEWS, 1717 St. Charles Avenue, Suite 100, New Orleans, LA 70130."
>
> Approximately six months later, the State defendants moved to dismiss plaintiff's petition without prejudice pursuant to La.Code Civ. P. art. 1672(C), on the ground that plaintiff failed to request service on them within ninety days of the filing of the original petition, as required by La. R.S. 13:5107(D). In support, they argued plaintiff

requested service on persons who were not designated as agents for service of process for the State defendants named in the lawsuit.

*Id.* at 724-25.

The trial court rejected the State defendants'[1] motion to dismiss, and this court denied writs. The supreme court dismissed Ms. Johnson's suit against the State defendants without prejudice pursuant to La.Code Civ.P. art. 1627(C), finding that she failed to show good cause why she had not requested service within the ninety days as required by La.R.S. 13:5107(D).

The issue now before us arises from proceedings subsequent to the supreme court's dismissal of Ms. Johnson's suit.[2] It appears that Ms. Johnson did not file a new suit after having her original suit dismissed by the supreme court. Instead, on January 31, 2011, Ms. Johnson requested that the Lafayette Parish Clerk of Court (Clerk) execute service of her March 15, 2006 petition on the State defendants. After service was obtained on the State defendants, they responded by filing exceptions of insufficiency of process and prescription, and a motion to dismiss Ms. Johnson's demands against them. After an April 11, 2011 hearing, and by a judgment executed on April 19, 2011, the trial court dismissed Ms. Johnson's suit.[3]

On May 17, 2011, the trial court granted Ms. Johnson's motion to appeal its April 19, 2011 judgment. On June 29, 2011, and in response to the motion and order of appeal, the Clerk's office forwarded Ms. Johnson's counsel a written

---

[1] For purposes of consistency with the supreme court's decision in *Johnson*, we will refer to the two defendants now before us the "State defendants."

[2] Ms. Johnson designated the record on appeal as something less than the complete record in order to address only the issue now before us. Despite the designation, both Ms. Johnson and the State defendants refer to matters not a part of the designated record. We accept these references as fact where both litigants agree to their accuracy.

[3] The record before us does not contain a copy of the judgment, but counsel for the State defendants asserts in brief that the trial court granted both exceptions and the motion to dismiss.

2

estimation of the charges for the appeal. This notice to Ms. Johnson estimated the costs less the advance deposit at $1,279.25, and informed Ms. Johnson that payment was due on or before July 20, 2011. Ms. Johnson did not timely pay the estimated cost of appeal nor did she request an extension of time in which to make payment.

On September 19, 2011, the State defendants filed a motion to dismiss Ms. Johnson's appeal as abandoned by failure to timely pay the estimated appeal costs. The trial court set October 31, 2011, as the hearing date on the motion. By correspondence dated October 24, 2011, Ms. Johnson's counsel forwarded a $1,279.25 check to the Clerk as payment of the estimated costs. The Clerk's office received the check on October 28, 2011, or three days before the scheduled hearing.

After considering the argument presented at the October 31 hearing, the trial court granted the State defendants' motion to dismiss. The trial court executed a written judgment to this effect on November 18, 2011, and Ms. Johnson timely perfected this appeal, asserting as her sole assignment of error that the trial court abused its discretion in granting the State defendants' motion to dismiss.

## OPINION

Louisiana Code of Civil Procedure Article 2126 governs the payment of appellate costs and provides the following:

> A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
>
> B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

3

C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:

(1) Enter a formal order of dismissal on the grounds of abandonment; or

(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

The Clerk's compliance with the requirements of this Article is not questioned.

Nor is it disputed that Ms. Johnson failed to timely pay the estimated costs, failed to request an extension of time in which to pay the costs, and also failed to question the excessiveness of the estimation of the Clerk.

In *Pray v. First National Bank of Jefferson Parish*, 93-3027 (La. 2/11/94), 634 So.2d 1163, 1163, the supreme court explained the dual purpose of La.Code Civ.P. art. 2126:

4

> The primary purpose of La.Code Civ.Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals[.]

The scope of appellate review is the abuse of discretion standard, and a trial court's judgment dismissing a party's appeal should not be reversed absent an abuse of discretion. *Id.*

In *Louisiana Board of Massage Therapy v. Fontenot*, 04-1525 (La.App. 3 Cir. 5/4/05), 901 So.2d 1232, this court was faced with a fact situation similar to the matter now before us. In that case, on July 2, 2003, the defendant filed a suspensive appeal of a May 21, 2003 judgment. The Clerk notified the defendant of the estimated costs and deadline for paying the estimation as required by La.Code Civ.P. art. 2126. After having filed her appeal of the judgment, on July 22, 2003, the defendant filed a motion for new trial. That motion was dismissed by the trial court when the defendant failed to attend the December 5, 2003 hearing on the motion. By February 5, 2004, the defendant had yet to pay the estimated costs, and the plaintiff filed a motion to dismiss the appeal. The trial court initially set a March 31, 2004 hearing date, but it was later rescheduled for April 21, 2004. On March 30, 2004, the defendant paid the estimated costs in full. After the April 21 hearing, the trial court granted the plaintiff's motion to dismiss for failure to timely pay the estimated costs of appeal. This court found that, despite the six-month delay in paying the estimated costs in full, the fact that they were paid in advance of the hearing made clear that the appeal had not been abandoned and the intent and purpose element of La.Code Civ.P. art. 2126 had been satisfied. *See also, Morgan v. Simon*, 00-1556 (La.App. 3 Cir. 2/28/01), 780 So.2d 626; *Reed v.*

*Columbia/HCA Info. Serv., Inc.*, 99-1315 (La.App. 5 Cir. 4/25/00), 761 So.2d 625; *Richards v. Everett*, 509 So.2d 851 (La.App. 4 Cir. 1987). Thus, this court concluded that the trial court abused its discretion dismissing the defendant's appeal. In so holding, this court stated that "it is important to recognize that appeals are favored and should be maintained when possible." *Louisiana Bd. of Massage Therapy,* 901 So.2d at 1235.

The limited issue before us is whether the trial court erred in dismissing Ms. Johnson's appeal as having been abandoned. Considering that issue only, and applying the jurisprudence on this issue, we find ourselves bound to conclude that Ms. Johnson's payment prior to the October 31, 2011 hearing satisfies the dual purpose of La.Code Civ.P. art. 2126 as stated in *Pray*, 634 So.2d 1163 such that she maintained her appeal. Thus, while the trial court might have applied other sanctions, it erred in dismissing Ms. Johnson's appeal.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment dismissing Ms. Johnson's appeal of the April 19, 2011 judgment and reinstate her appeal. We assess all costs of this appeal to University Medical Center in Lafayette and the Medical Center of Louisiana in New Orleans.

**REVERSED; APPEAL REINSTATED.**