PETTIGREW, J.,
Dissents, and Assigns Reasons.
|tI am of the humble opinion that La. R.S. 15:572.8 is the most recent and more specific statute on applications for compensation for wrongful conviction, and therefore, supersedes and controls, rather than La.Code Civ. P. art. 1201 and/or La. R.S. 13:5107. If there is a conflict [between two statutes], the statute specifically directed to the matter at issue must prevail as an exception to the statute more gener *239 al in character. LeBreton v. Rabito, 97-2221, p. 7 (La.7/8/98), 714 So.2d 1226, 1229; Thomas v. Louisiana Dept. of Public Safety and Corrections, 2002-0897, p. 10 (La. App. 1 Cir. 3/28/03), 848 So.2d 635, writ denied, 2003-2397 (La.11/21/03), 860 So.2d 552.
The compensation statute under La. R.S. 15:572.8 specifically outlines the procedures for entertaining all petitions filed under the statute, including the responsibility of service and the parties to be served. This responsibility is placed upon the district courts, and not the petitioner. I further note that this statute falls under the criminal procedure statutes, in particular, Chapter 5, Reprieve, Pardon, and Parole. After reviewing this statute, I have serious questions as to whether this is even a civil proceeding. Rather, I believe it may be nothing more than a claims procedure established by the legislature. I am of the humble opinion that treating it as a civil proceeding is error.