ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
|, We grant rehearing to reconsider our original opinion in this case in light of the recent decisions by the Louisiana Supreme Court in Whitley v. State, Board of Supervisors of Louisiana State University Agricultural Mechanical College, on behalf of the Medical Center of Louisiana at New Orleans-University Campus, 11-0040 (La.7/1/11), 66 So.3d 470 and Burnett v. James Construction Group, 10-2608 (La.7/1/11), 66 So.3d 482.
The facts and procedural history that follow are taken from the original opinion with some revisions.
On November 17, 2008, plaintiff, John J. Hunter, was allegedly injured while visiting University Hospital in New Orleans. According to plaintiff, he was traversing the front entrance ramp to the hospital and stopped to lean against the guardrail when, suddenly, it gave way, causing him to fall backwards onto a metal pole protruding from the ground below.
As a result of the accident, plaintiff filed a petition for damages on November 17, 2009, incorrectly naming the defendant as “Louisiana State |2University Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, AKA University Hospital.”[1] The plaintiff timely requested service on both “Attorney General James D. Caldwell, 1885 North 3rd Street, Baton Rouge, LA 70802” and “Louisiana State University Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, AKA University Hospital, 8550 United Plaza Blvd., Suite 400, Baton Rouge, LA 70809,” which was the incorrect agent for service of process.[2] The Attorney General was served with the suit on December 3, 2009, but LSUHSC was never served.
On March 17, 2010, LSUHSC filed an exception of insufficiency of service of process, arguing that plaintiff did not comply with La. R.S. 13:5107 and La. R.S. 39:1538. Specifically, LSUHSC argued that service was defective as it was not made on both the Attorney General and the Chairman of the LSU Board of Supervisors, as required by La. R.S. 13:5107(A). It argued that “Louisiana Health Care Services Center” was not an entity subject to suit and that plaintiff named the wrong agent for service of process for LSUHSC. LSUHSC prayed that the action be dismissed with *269 out prejudice pursuant to La. R.S. 13:5107(D) as a result of plaintiffs failure to request proper service on the LSU Board of Supervisors within ninety (90) days of commencing the action.
|sPlaintiff opposed the exception, arguing that because he timely requested service on both the Attorney General and the alleged state agency, albeit the wrong one, and the Attorney General was, in fact, served, he satisfied the requirements of La. R.S. 13:5107. He argued that La. R.S. 39:1538 did not apply in this case because it does not provide for the dismissal of an action against the state for insufficient service of process.
Following a contradictory hearing, the trial court granted the exception and dismissed the plaintiffs claims against LSUHSC without prejudice.
In our original opinion, we found that Mr. Hunter’s request for service and citation upon the Attorney General within ninety (90) days from the commencement of the tort suit against the alleged state agency was not sufficient to satisfy the service requirements of LSA-R.S. 13:5107. We interpreted La. R.S. 13:5107 to require a plaintiff to request service and citation upon the Attorney General and the department, board, commission or agency head. Although Mr. Hunter had timely requested service and citation upon the Attorney General, he had not requested service and citation upon the Chairman of the LSU Board of Supervisors, the correct agent for service of process for the proper defendant, LSUHSC. In affirming the trial court’s grant of LSUHSC’s exception of insufficiency of service of process, we relied on the decision in Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576, p. 1 (La.2//703), 841 So.2d 725, 726, wherein the Supreme Court concluded, “[t]he requirement that service upon defendant be requested within the 90-day period |4should reasonably be read to require an accurate request of service upon the proper agent for defendant.” Id. at p. 2, 841 So.2d at 726.
Mr. Hunter timely filed an application for rehearing. Shortly thereafter, and before this court acted on the application, the Louisiana Supreme Court rendered the decisions in Whitley and Burnett, which clearly contradict our interpretation of La. R.S. 13:5107 in the original opinion.
In Whitley, the plaintiff filed a medical malpractice case against Louisiana State University Health Sciences Center-Medical Center of Louisiana at New Orleans-University Campus (“University”).[3] At the time of filing, the plaintiff requested service of process only on the Chairman of the LSU Board of Supervisors. More than two years after the suit was filed, the Attorney General and the Office of Risk Management received a faxed copy of the citation and petition from Whitley’s counsel. University filed a declinatory exception of insufficiency of service of process, seeking dismissal of Whitley’s action based on her alleged failure to comply with the service requirements of La. R.S. 39:1538 and La. R.S. 13:5107.
At the time Whitley filed her petition and the trial court judgment was rendered, La. R.S. 13:5107 provided, in pertinent part:[4]
A. In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Loui *270 siana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending |supon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
[[Image here]]
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. [5]
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
^Interpreting the language of La. R.S. 13:5107(A), the Supreme Court in Whitley determined that the single verb phrase, “may be obtained,” modified all of the phrases after it, including those appearing after the conjunctive “and.” Thus, the Court concluded that, from a grammatical standpoint, the statute should read that citation and service:
1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the law of this state, and
2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
3. may be obtained by citation and service on the department, board, commission, or agency head or person, de *271 pending upon the identity of the named defendant and the identity if the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
Whitley, 11-0040 at p. 10-11, 66 So.3d at 477. The Court further concluded that, “[p]roviding permission to request service on the [Attorney General] and the head of the agency does not impose a requirement that the plaintiffs request for service pertain to both.” Id. at p. 11, 66 So.3d at 477. The Court based its conclusion on the legislature’s use of the permissive term “may,” rather than the mandatory terms “shall” or “must.” Id.
The Supreme Court also noted that pursuant to La. R.S. 13:5107(D)(2), when service is not requested by the plaintiff within ninety (90) days of the commencement of the action, the action shall be dismissed, without prejudice, after a contradictory motion, as provided in La. C.C.P. art. 1672(C). When such a ^dismissal occurs, prescription is not interrupted as to the state defendants. La. R.S. 13:5107(D)(3). Considering this harsh consequence and the policy favoring maintaining actions, the Court concluded that, if the legislature’s word choice made La. R.S. 13:5107(A) susceptible to two possible constructions, the statute should be construed in a manner to maintain the claim. Id. at p. 12-13, 66 So.3d at 478. Accordingly, the Court determined that Whitley’s request for service of citation on University satisfied the requirements of La. R.S. 13:5107(A) and (D). Id. at p. 13, 66 So.3d at 479.
The Supreme Court then considered the provisions of La. R.S. 39:1538 to determine whether University was entitled to dismissal of Whitley’s claim pursuant to La. C.C.P. art. 1672(C) for failure to also serve the Attorney General and the Office of Risk Management as required by La. R.S. 39:1538(4), within ninety (90) days of the commencement of her action. See La. R.S. 13:5107(D). La. R.S. 39:1538 provides:
(1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be specified in this Chapter. However, immunity for discretionary acts of executive, legislative, and judicial officers within the scope of their legally defined powers shall not be abridged.
(2) The state and its agencies shall be liable for claims in the same manner and to the same extent as a private individual under like circumstances.
(3) A judgment may be settled in accordance with R.S. 39:1535(B)(6).
ls(4) In all actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-insurance Fund.
In Whitley, the Supreme Court noted that the legislature used the mandatory term “shall” in La. R.S. 39:1538(4), which required that service of process be effected on three entities/persons: (1) the department head, (2) the Attorney General, and (3) the Office of Risk Management. Whit *272 ley initially requested service only on the Chairman of the LSU Board of Supervisors, which the Court referred to as the “department head.” Therefore, University contended that Whitley’s action should have been dismissed because of her failure to request service on the Attorney General and the Office of Risk Management within ninety (90) days from the filing of the petition. Id. at p. 14, 66 So.3d at 479.
The Supreme Court noted that, while the language of La. R.S. 39:1538(4) clearly required that all three entities/persons be served, nothing in that statutory provision required that service be requested on them within the 90-day period immediately following the commencement of the action. Indeed, the Court noted that La. R.S. 39:1538(4) addressed “service” as opposed to “request for service” and concerned service of “process” as opposed to “service of citation.” The Court further noted that, unlike the provisions of La. R.S. 13:5107(D), La. R.S. 39:1538(4) did not mandate that service of citation be requested within ninety days of the filing of the petition or that the failure to do so warranted the dismissal of the action pursuant to La. C.C.P. art. 1672(C). Id. at p. 16, 66 So.3d at 480-81. The Court then emphasized that the Louisiana Code of Civil Procedure requirement for | ^service within ninety (90) days and the corresponding dismissal for failure to do so is limited to “named defendants.” ’ Id. at p. 17, 66 So.3d at 481, citing La. C.C.P. arts. 932(A), 1201(C), 1672(C). The Court concluded that the requirement of service and sanction of dismissal was not available because the Attorney General and Office of Risk Management were not defendants, and the department head in the matter was not a named defendant. Id. The Court expressly stated:
The purpose of LSA-R.S. 39:1538 is to provide notice to the [Attorney General], the [Office of Risk Management], and the department head that a tort action has been brought. This statute does not provide for dismissal for the failure to effectuate service. Although there is a reference in LSA-R.S. 39:1538(4) to LSA-R.S. 13:5107, based on the clear language, this is a reference to who must be served and not a reference to when service must occur or to a sanction for failure to timely serve.
Id. The Court then noted that since the sustaining of University’s objection regarding service of citation under La. R.S. 39:1538(4) would not be based on the lack of a timely request, that objection was cured by Whitley’s subsequent service of citation on the Attorney General and Office of Risk Management, and University was not entitled to the dismissal of Whitley’s action pursuant to La. C.C.P. art. 1672(C). Id. at p. 18, 66 So.3d at 481. Thus, the Court concluded that Whitley’s request for service initially on University through the Chairman of the LSU Board of Supervisors and subsequent service on the Attorney General and Office of Risk Management was sufficient to satisfy the service requirements of La. R.S. 13:5107 and La. R.S. 39:1538(4). Id. at p. 18, 66 So.3d at 482.
In the companion case, Burnett, supra, the plaintiff, Shawn Burnett, filed a tort action against several defendants, including the State of Louisiana, through the Department of Transportation and Development (“DOTD”), seeking to recover | indamages arising from an automobile accident. In his petition, Burnett timely requested service on the DOTD through the Attorney General.
DOTD filed a motion for involuntary dismissal and an exception of insufficiency of service of process based on the fact that Burnett had not also requested service on the secretary of DOTD, citing La. R.S. *273 13:5107(A). Based on Burnett’s lack of service on DOTD’s secretary, DOTD argued Burnett failed to request proper service within 90 days of the filing of his suit pursuant to La. R.S. 13:5107(D)(1), entitling DOTD to the dismissal of Burnett’s claims under La. R.S. 13:5107(D)(2).
The trial court denied DOTD’s motion to dismiss and overruled its exception of insufficiency of service of process. The First Circuit Court of Appeal granted DOTD’s application for supervisory writs and reversed the trial court’s judgment. It, too, cited the Supreme Court’s earlier decision in Barnett, supra, in concluding that in a suit against a state agency, La. R.S. 13:5107(A) required double service, i.e., service on the agency head and the Attorney General. Burnett, 2010-2608, pp. 3-4, 66 So.3d at 484-85, citing Burnett v. James Construction Group, 10-1275 (La.App. 1 Cir. 10/27/10) (unpublished writ action).
The Supreme Court granted Burnett’s application for a supervisory writ[6] and for the reasons assigned in Whitley, supra, concluded that Burnett’s request for service on the Attorney General alone satisfied the service requirements of La. R.S. 13:5107(A). Id. at p. 4, 66 So.3d at 485.
The Court then considered whether Burnett’s failure to serve DOTD’s secretary required dismissal based on R.S. 39:1538(4). Reiterating its reasoning in |nWhitley that La. R.S. 39:1538 neither imposes a time constraint on the service required by La. R.S. 39:1538(4) nor provides for dismissal for the failure to effectuate service, the Court determined Burnett’s failure to request service on the department head and the Office of Risk Management within ninety (90) days of commencement of his action did not entitle DOTD to the dismissal of his claim against it pursuant to La. C.C.P. art. 1672(C). Id. at pp. 4-5, 66 So.3d at 485, citing Whitley, 11-0040, pp. 16-18, 66 So.3d at 480-82.
The Court found the First Circuit properly sustained DOTD’s declinatory exception of insufficiency of service of process due to Burnett’s failure to effect service on DOTD’s secretary and the Office of Risk Management. The Court concluded, however, that since the grounds for that objection, i.e. incomplete service, could be cured by Burnett requesting and obtaining service of process on DOTD’s secretary and the Office of Risk Management, the First Circuit erred in failing to allow him an opportunity to do so as required by La. C.C.P. art. 932(A)[7]. Id. at p. 5, 66 So.3d at 485, citing Whitley, 11-0040, p. 18, 66 So.3d at 481-82. Accordingly, the Court affirmed the First Circuit decision only insofar as it sustained DOTD’s exception of insufficiency of service or process, but amended and remanded so as to allow Burnett an opportunity to cure the defect in service. Id.
The distinction between the present case and the cases of Whitley and | isBurnett is that Mr. Hunter neither filed his petition against the correct defendant *274 nor timely requested service on the proper agent for service of process for the correct defendant. Applying the reasoning in Whitley to this case, at the very least, Mr. Hunter had to file suit against the correct state agency or timely request service on the proper agent for service of process for the correct defendant. Since the Attorney General is not a defendant in Mr. Hunter’s suit, service upon him alone would have satisfied the service requirements of La. R.S. 13:5107(A) provided Mr. Hunter had named the correct state agency as the defendant, but he did not. In Burnett, timely service upon the Attorney General alone satisfied the service requirements of La. R.S. 13:5107(A) because Burnett had sued the DOTD, the correct state agency.
And in Whitley, service upon the agency head alone satisfied the service requirements of La. R.S. 13:5107(A) because Whitley had timely requested service on the proper agent for service (the Chairman of the LSU Board of Supervisors) for the correct defendant, LSUHSC. Here, the record indicates Mr. Hunter filed his petition on November 17, 2009, naming the wrong defendant and requesting service on an improper agent for service of process for LSUHSC. On December 9, 2009, the East Baton Rouge Sheriffs office attempted service at the address given by Mr. Hunter, but was unsuccessful. At that point, Mr. Hunter was still well within the 90-day period to request service and could have amended his petition to name the correct defendant and/or to request service on the proper agent for service for the correct defendant, but he never did so.
In an attempt to show good cause why service on the proper agent was not requested timely and, thus, avoid the penalty of La. R.S. 13:5107(D), plaintiff asserts that in good faith he requested service on Louisiana State University | ^Agricultural and Mechanical College on behalf of Louisiana Health Care Services Center for University Hospital at New Orleans, at 8550 United Plaza Blvd., Suite 400, Baton Rouge, LA 70809, and that the sheriff attempted service at that address but the entity that once occupied that address had moved and the sheriff failed to notify him that service could not be made at the designated address.[8] He also points to the fact the Office of Risk Management had notice of the suit.[9]
Neither of these arguments is persuasive. Plaintiff could have discerned the proper agent and correct address with minimal effort by using the internet or public library. Also, the state’s actual knowledge of the suit does not obviate the need for service. See Igbinoghene, 2011-0124 at p. 1, 58 So.3d at 452.
Accordingly, for the above reasons, the judgment of the trial court, dismissing without prejudice plaintiffs claims against the LSUHSC, is affirmed.
AFFIRMED

. The correct defendant for plaintiff's action is State of Louisiana through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College through Louisiana State University Health Sciences Center, Medical Center of Louisiana at New Orleans-University Hospital (“LSUHSC”). See La. R.S. 17:3215 and La. R.S. 17:1519.2.

. The correct agent for service of process for LSUHSC is the Chairman of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU Board of Supervisors”). See La. R.S. 17:3215.

. In Whitley, the Supreme Court referred to the defendant LSUHSC as "University.”

. The version of the statute applicable in Whitley was the same version applicable in the instant case. Paragraph (D)(2) has been amended since by Acts 2010, No. 55, § 1.

. After the 2010 amendment, Subsection (D)(2) provided:
If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

. Burnett v. James Construction Group, 10-2608 (La.2/11/11), 56 So.3d 991.

. La. C.C.P. art. 932(A) provides:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, or that service be effected within a specified time.

. The parties acknowledge in the briefs that, at one time, the LSUHSC and the LSU Board of Supervisors were both located at the address plaintiff gave for service. The LSU Board of Supervisors, however, had moved to its new location on West Lakeshore Drive in Baton Rouge three years before plaintiff filed his suit.

. The record contains a copy of a letter that the State of Louisiana, Division of Administration, Office of Risk Management sent to plaintiff’s counsel, indicating it had received a copy of the plaintiff's suit and was requesting a thirty (30) day extension to prepare the appropriate pleadings.